[No. 3. Decided May 28, 1890.]

B. F. BURCH v. W. H. TAYLOR.

CORPORATIONS — STOCKHOLDERS — UNPAID SUBSCRIPTIONS.

A creditor of a corporation, who was himself a stockholder therein, obtained a judgment against it, and thereupon brought an action before a justice of the peace against another stockholder who had not paid up his subscription, and sought to enforce the collection of same and its application on his judgment against the corporation. *Held,* That unpaid stock subscriptions are a trust fund for the benefit of all the creditors, and that to enforce a right to participate therein requires a proceeding in equity.

Where a creditor obtained judgment against a corporation and other persons, and brought suit against a stockholder of the corporation to enforce payment of his unpaid subscription, a complaint alleging that the corporation had no assets except its unpaid subscriptions, but which fails to show that the judgment could not have been made out of the property of the other judgment debtors, does not state a cause of action.

*Error to District Court, Spokane County.*

Action commenced before a justice of the peace, wherein plaintiff sought to recover from defendant the sum of $275 as the balance due upon his stock in the Spokane Falls and Cœur d' Alene Transportation Company, which was indebted to plaintiff in the sum of $616, which had been reduced to judgment. Judgment was entered against defendant, and he appealed to the district court. Plaintiff's amended complaint in the district court recites that on November 27, 1886, he obtained judgment against the transportation company and C. C. McCoy, M. R. Brown and George McCabe for $695.06; that no part of said judgment has ever been paid, but there is now due plaintiff the sum of $616.16, less the sum of $25, the amount due from plaintiff as a stockholder in said transportation company; that defendant is a stockholder in said company, and indebted thereto in the sum of $275; that said transportation company has no other assets than its unpaid subscriptions to capital stock. Defendant demurred to the complaint on the grounds that the complaint does not state facts sufficient to constitute a cause of action; that plaintiff has no legal capacity to maintain the suit; and that the court has no jurisdiction of the subject-matter of the action. The demurrer was sustained, the plaintiff refused to plead further and appealed to the supreme court.

*Turner, Forster & Turner,* for plaintiff in error.

*Griffitts, Moore & Feighan,* and *Frank H. Graves,* for defendant in error.

The opinion of the court was delivered by

STILES, J. — Plaintiff in error was a subscriber to the capital stock of the Spokane Falls and Cœur d' Alene Transportation Company, who had not fully paid his subscription, the sum of twenty-five dollars still being due from him; though, for aught that appears, the balance had not been called in by the corporation. Being such a stockholder, he sued out and obtained a judgment against the corporation, C. C. McCoy, M. R. Brown and Geo. McCabe for something over six hundred dollars, which judgment is unpaid. The defendant in error was another subscriber to the stock of the same company, whose unpaid subscription amounted to two hundred and seventy-five dollars, and plaintiff brought suit against him in a justice's court for that amount, less the sum of twenty-five dollars due from himself to the corporation. There was a judgment for plaintiff in the justice's court as prayed for, from which an appeal was taken to the district court, which district court sustained defendant's demurrer to the complaint as amended therein, and entered judgment for defendant's costs. Error is assigned thereon.

The main question involved in this case is: Does § 2434 of the Code of Washington authorize an action at law by a creditor of a corporation against a stock subscriber? This inquiry, if determined in the negative, would oust the justice's court of jurisdiction. The second clause of § 2434 is as follows: "Each and every stockholder shall be personally liable to the creditors of the company to the amount of what remains unpaid upon his subscription to the capital stock, and not otherwise," which is simply a declaration of the American doctrine of the common law of corporations as held, almost without exception, in the decisions of the courts. Thomp. Liab. Stockh., §§ 25–37; Cook, Stocks, § 199, and note 1; *Sawyer v. Hoag,* 17 Wall. 610.

In the discussion of this case, both sides seem to have entirely lost sight of this fact, and have cited us to numerous authorities, which are, in nearly every instance, discussions of what is known as the "*statutory liability*" of stockholders, which is a liability created by statute in addition to unpaid subscriptions, and which, being construed to be a contract liability between the stockholders and the creditor, without any privity with the corporation, is subject to many rules different from those applicable in cases like this, the one great distinction between these two classes of liability being, that stock subscriptions are held to be a trust fund for the payment of creditors, while the additional statutory liability produces a fund without any trust features, as has been held in some states.

To enforce a right to participate in a trust fund requires proceedings in equity, unless there be peculiar and explicit statutory provisions to the contrary. So in this class of cases the action must be in equity where the creditor desires himself to be the actor in the proceedings to collect and apply subscriptions. Therefore, in the case at bar, the justice had no jurisdiction of the subject-matter of the action, and the judgment must be affirmed.

There were several other interesting questions suggested by the record in this case, but we shall allude to only one of them, which, it seems to us, would have defeated plaintiff's action upon either theory as to a stockholder's liability. Plaintiff's judgment was against the corporation, McCoy, Brown and McCabe. The complaint showed that the corporation had no assets but its unpaid stock subscriptions, which we presume was intended to be equivalent to an allegation of insolvency to excuse the issuance of an execution against it, and a return of *nulla bona*; but it contained no showing whatever that the plaintiff could not have made his judgment out of the property of the other judgment debtors, McCoy, Brown or McCabe. Where so simple a process as an execution might have satisfied plaintiff's de-

mand, the defendant should not have been attacked until it had been resorted to and failed, and the failure should have been shown.

The judgment of the court below is affirmed, with costs to the defendant in error.

HOYT, J., concurs.

SCOTT, J., concurs in the result.

DUNBAR, J., not sitting.

ANDERS, C. J. — I concur in the result; but I cannot agree with the majority of the court in holding that a stockholder, who is himself a creditor of the corporation, cannot maintain an action at law directly against another stockholder who has not paid up his subscription. See *Smith v. Londoner,* 5 Col. 365.

*Turner, Forster & Turner,* for plaintiff in error.

*Griffitts, Moore & Feighan,* and *Frank H. Graves,* for defendant in error.