[No. 2277. Decided November 14¹ 1896.]

THOMAS WATTERSON et al., Respondents, v. C. P. MAS-
TERSON et al., Appellants.

APPEAL — NOTICE — BANKS — ENFORCEMENT OF STOCKHOLDERS' LIA-
BILITY — RECEIVERS.

The fact that notice of appeal has been given but not served on all who had appeared in the action, will not preclude the parties not served from themselves giving notice of appeal and serving same upon all necessary parties; and, in such case, there is nothing objectionable in the abandonment of the first appeal, by those attempting it, and a joinder by them in the second one.

The fact that a banking corporation is insolvent and in the hands of a receiver will not entitle creditors to proceed against its stockholders upon their secondary liability, but such liability constitutes a part of the receiver's trust fund, which the court is authorized to direct him to enforce for the benefit of all the creditors. (*Wilson v. Book*, 13 Wash. 676, followed.)

The fact that an action by creditors against the stockholders of an insolvent bank includes the receiver of the bank as a party, will not entitle the creditors to enforce the contingent liability of the stockholders by a direct proceeding against them.

Appeal from Superior Court, Pierce County.— Hon. W. H. PRITCHARD, Judge.    Reversed.

*Remington & Reynolds*, and *John Paul Judson*, for appellant:

The complaint in this case shows upon its face, it was conceded throughout the trial, and the evidence conclusively showed, that there were assets of the insolvent bank then in the hands of the receiver and available to the creditors.    Upon the authority of *Wilson v. Book*, 13 Wash. 676, we submit that the demurrer should have been sustained and the action dismissed.    In addition to the authorities cited in the opinion in that case, we might add:    *Stewart v. Lay*, 45 Iowa, 604; Appeal of Means, 85 Pa. St. 75; *McClaren v. Franciscus*, 43 Mo. 452; *Wright v. McCormack*, 17 Ohio St. 87; *Harper v. Union Manufacturing Co.*, 100 Ill. 225; *Grew v. Breed*, 10 Metc. (Mass.) 569 (46 Am. Dec. 687).

*John A. Shank*, and *Walter M. Harvey (Herbert S. Griggs*, of counsel), for respondents:

The appointment of a receiver would not affect the right of the creditors to enforce liability by proceeding against the shareholders directly.    2 Morawetz, Corporations, 842; Cook, Stock & Stockholders, § 219; 23 Am. & Eng. Enc. Law, pp. 884-887, and authorities there cited; *Morgan v. Lewis*, 17 N. E. 558; *Hodgson v. Cheever*, 8 Mo. App. 318; *State Savings Bank v. Kellogg*, 52 Mo. 583; *McDougald v. Lane*, 18 Ga. 444; *Lane v. Morris*, 8 Ga. 468; *Brobston v. Downing*, 22 S. E. 277; *Paine v. Stewart*, 33 Conn. 517; *Bank of Poughkeepsie v. Ibbotson*, 24 Wend. 479; *Perkins v. Church*, 31 Barb. 84; *Briggs v. Penniman*, 8 Cow. 391 (18 Am.

Dec. 454); *Kincaid v. Dwinelle*, 59 N. Y. 551; *Spence v. Shapard*, 57 Ala. 598.

The opinion of the court was delivered by

Hoyt, C. J.—A portion of the defendants in this action gave notice of appeal, but did not serve it upon all who had appeared in the action. Thereafter the defendants not served with notice themselves gave notice and served it upon all necessary parties. Respondents moved to dismiss both appeals; the first for the reason that the required parties had not been served, and the second because it was taken while the first was pending and undisposed of.

It was clearly the right of the defendants not served with notice of the first appeal to give notice in their own behalf; hence their appeal was regularly taken; and this being so, those who attempted the first appeal could abandon it and join in the second one. By their doing so the duplication of papers was prevented, and the whole matter of the prosecution of the appeal simplified, and at the same time every object which the requirements of the statute had in view was fully accomplished.

The motion to dismiss must be denied.

The Bank of Puyallup had failed and a receiver of its assets had been duly appointed by the superior court of Pierce county. Thereafter this action was brought by a creditor of the bank against its stockholders to recover in his own interest and that of all other creditors the contingent liability of the stockholders under the provisions of the constitution of this state. The receiver was made a party to the action. Other creditors intervened and the action resulted in a judgment against the stockholders respectively for their share of the liability growing out

of the claims of all the creditors which were established in the action. From this judgment this appeal has been prosecuted.

The principal questions involved in this case were decided in *Wilson v. Book*, 13 Wash. 676 (43 Pac. 939), and it is conceded that under the rule therein announced the judgment cannot stand; but respondents earnestly contend that the decision in that case was against the great weight of authority, and ask that the questions therein decided be again examined. This has been done, but such re-examination has resulted in the confirmation of the views expressed in the opinion filed in that case. If any proof had been needed that the method pointed out in that opinion for enforcing the contingent liability of stockholders was demanded by public policy and was in the interest of all classes interested in the bank, such proof is furnished by the record in this case. After great expense and the waste of much time for the purpose of establishing the facts necessary to authorize the enforcement of the liability in behalf of creditors against the stockholders, such creditors were in no better situation than the receiver was before they had commenced this proceeding. Hence, it was the duty of the courts to interpret our constitutional provision so as to make the enforcement of this contingent liability a part of the duties of the general receiver, if the language used would authorize such a construction. We thought then, and still think, that such a construction is reasonable. It is true that the courts of many states have interpreted somewhat similar constitutional provisions to authorize the creditors to proceed directly against the stockholders, but in most, if not all, of these states their constitutional or statutory provisions were so different from ours that the

cases are entitled to but little consideration.   For that reason we thought it our duty to interpret our constitutional provision so as to best protect the interests of all concerned, so far as the language used would warrant such construction.   We are satisfied with the conclusion upon this question to which we arrived in the case above referred to, and must adhere thereto.

The only reason suggested why this case is not governed by that one is that in that case the general receiver was not made a party to the action against the stockholders, while in this one he was.   But we are unable to see how this fact could in any manner affect the right of the creditors to maintain an independent action.

The judgment will be reversed and the proceeding dismissed.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.