## HEQUEMBOURG, Appellant, v. EDWARDS et al.

In Banc, March 27,

1. **Corporation:** LIABILITY OF STOCKHOLDERS AND DIRECTORS. A subscriber to the stock of a business corporation is liable, as such, for only the unpaid balance of his subscription; but the directors of such corporation are jointly and severally liable for all moneys that actually come into their hands, or into the treasury, from any of the stockholders.

2. ———: DIRECTORS: WHEN NOT JOINTLY LIABLE. Such directors, however, are not jointly liable *ex contractu* at the suit of the corporation, or its assignee, for unpaid balances of stock subscriptions; each subscriber being severally liable only for the amount of his own subscription.

3. ———: ASSIGNEE'S RIGHTS. Prior to the Act of 1897 the assignee of a corporation took only such title to the corporate property, and acquired only such rights, as the assignor had to bestow.

4. ————: ARTICLES OF ASSOCIATION: ESTOPPEL. In a suit by the assignee of a business corporation to recover from the directors thereof, who composed its entire list of stockholders, the unpaid balance of subscribed stock of such corporation, such directors are not estopped from denying their signed statement in the articles of association that one-half of the entire stock of such corporation was actually paid up in cash. Such statement is only *prima facie* evidence of the truth thereof, and may be disputed by oral testimony.

5. False Representations: ESTOPPEL: FRAUD. Fraud is an essential element of estoppel. There must be a false representation or a concealment of material facts, made with knowledge of such facts to one ignorant of their truth, with the intention that he should act upon such representation or concealment, and that he was induced thereby to do so.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas A. Russell*, Judge.

AFFIRMED.

*Joseph T. Tatum* for appellant.

(1) The declaration of law is erroneous. It is not necessary to show that the money actually came into the treasury of the corporation, and was then taken out and converted by the defendants. By proceeding to do business as a corporation under the statutes, the articles of association and certificate of Secretary of State, the defendants were at once obligated to account to the corporation for the one-half of the capital. 1 R. S. 1889, secs. 2768, 2770, 2492, 2499; Mo. Con., art. 12, sec. 8. (2) The possession by defendants of the money, or money's worth, was a condition precedent to incorporation. State ex rel. v. Woods, 13 Mo. App. 139. (3) Defendants are estopped from claiming they did not have in their joint possession and control the whole $10,000. Bank of Canada, 25 Can. L. J. 238; Bank v. Barr, 24 Me. 256; Casey v. Galli, 94 U. S. 673; Thompson v. Lake, 19 Nev. 103; Cook on Stock (3 Ed.), sec. 184; Thomp. Corp., secs. 247, 248, 1242,

2974, 2984, 2990, 4098; 1 R. S. 1889, secs. 2492, 2768, 2770. (4) This one-half the capital, required and acknowledged to be paid up and in their custody, is a trust fund in the hands of defendants as joint trustees for the benefit of the corporation and all creditors. Van Cleve v. Berkey, 143 Mo. 109; Sawyer v. Hoag, 84 U. S. 610; Land Co. v. Birmingham Co., 92 Ala. 407; Haskell v. Sells, 14 Mo. App. 91; Griswold v. Seligman, 72 Mo. 110; Bent v. Priest, 86 Mo. 475; Kraft, etc., Co. v. Crow, 36 Mo. App. 297; Hill v. Coal Co., 124 Mo. 153; Donham v. Hahn, 127 Mo. 439; Cook on Stock, sec. 199. (5) The defendants not having put into the treasury of the corporation all of the one-half of the paid-up capital, the corporation could have maintained action against them for the remainder. 1 R. S. 1889, sec. 2516. (6) The balance due from defendants passed to the assignee, plaintiff. Shockley v. Fisher, 75 Mo. 498; Joy v. Manion, 28 Mo. App. 55; Boeppler v. Menown, 17 Mo. App. 447; Haskell v. Sells, 14 Mo. App. 91; Haskell v. Worthington, 94 Mo. 560. (7) Actions may be maintained against directors jointly. Thomp. Corps., sec. 4098. (8) Having embarked as a corporation with less money in the treasury than required by law, the defendants are jointly liable for the amount acknowledged to be in their custody. Thomp. Stockholders, sec. 5; 3 Thomp. Corps., secs. 2969, 2974, 2975; Haslett v. Witherspoon, 1 Strobh. Eq. 209; Mastin v. Fennell, 79 Mo. 401; Burns v. Beck, 83 Ga. 471. (9) The "understanding" or agreement between defendants to do business with but $3,000 can not release the defendants from their obligation to pay the remaining $7,000. It was a fraud and void. Haskell v. Sells, 14 Mo. App. 91; Patterson v. Arnold, 45 Pa. 410; Van Cleve v. Berkey, *supra*; Fisher v. Seligman, 75 Mo. 13; Ramsey v. Thompson Mfg. Co., 116 Mo. 313; Liebke v. Knapp, 79 Mo. 22; Ins. Co. v. Floyd, 74 Mo. 286; Gill v. Balis, 72 Mo. 424. (10) Secret, verbal agreement to scale the capital, not even entered on records of the corpora-

tion, can not be effective to reduce the capital.   If defendants' act be upheld, then it will be lawful to capitalize for ten millions, and secretly reduce to one thousand cash.   The statute points out the method of reduction.   R. S. 1889, sec. 2779.

*Theodore Rassieur* for respondents.

(1)   An action for conversion can not be maintained, unless the property of the plaintiff has been converted.   Sparks v. Purdy, 11 Mo. 219; 26 Am. & Eng. Ency. of Law, p. 714; Cooley on Torts, 517.   (2)   A corporation, or its assignee, can only maintain an action on the covenant.   A separate action must be brought against each subscriber to collect the balance unpaid upon his subscription.   Railroad v. Patrick, 2 Abbott's App. Dec., 72.   (3)   The acknowledgment of receipt contained in the articles of agreement is a mere admission. Admissions are not conclusive against the parties unless the elements of estoppel exist.   State ex rel. v. Branch, 112 Mo. 661; Duncan v. Matney, 29 Mo. 368; Monks v. Belden, 80 Mo. 639; Greenleaf on Ev., secs. 212 and 305; 19 Am. & Eng. Ency., p. 1115.

VALLIANT, J.—The Builders Iron Works, a business corporation, on September 15, 1894, made a voluntary assignment of all its assets for the benefit of its creditors.   The plaintiff is the assignee under that deed of assignment.   The defendants were the directors of the corporation and for alleged dereliction in that capacity they are here sued.   The suit is to recover $7,000 of the capital stock which the petition essays to allege came into the hands of the defendants as directors, and for which they have failed to account.   According to the petition it appears that the capital stock of the corporation was $20,000, divided into 200 shares of the par value of $100 per share, of which defendant Edwards subscribed for 100 shares and defendants Kilpatrick and Hunlet, for 50 each, so that those

three composed the list of stockholders, and the entire board of directors, that the articles of association, which were signed by those three, certified that the entire stock was subscribed and one-half paid up in cash, and then in the hands of the board of directors, but that the defendants had accounted to the corporation for only $3,000, leaving $7,000 unaccounted for, which the petition says is required to pay the debts of the concern and therefore, to recover which, this suit is brought. The answer is a general denial.  On the trial the evidence on the part of the plaintiff showed that the company was incorporated in 1893, with a nominal capital stock of $20,000, the articles of association which were signed by the defendants did certify that the whole amount of stock was subscribed, and one-half actually paid up in cash, and was then in the hands of the board of directors.  The evidence also showed that in point of fact, although all the stock was subscribed as stated, yet only $3,000 was in fact ever paid in; that Edwards paid $1,500 on his subscription and Kilpatrick and Hunleth $750 each, and that is all of the capital stock that was ever paid into the corporation.

Appellant in his statement filed herein, says: "No more than this $3,000 was ever contributed to the funds of the corporation, nor accounted for by the defendants."  So there is no dispute on that point.  At the close of the plaintiff's evidence the trial court gave an instruction to the effect that the plaintiff was not entitled to recover, thereupon he took a nonsuit with leave and failing in his motion to have the same set aside, brings this appeal.

I.     There is some discussion in the briefs as to the nature of the cause of action stated in the petition.  Counsel for respondents treat the petition as stating an action for conversion, but appellant's counsel says that that is a misconception, that the action is debt, yet in the same connection, immediately adds that it is *assumpsit* on an implied promise.  Measured by the rules of good pleading the petition does not state a cause

of action of any kind. It states argumentatively that $10,000 of the capital stock came into the hands of the board of directors; that is to say, it states that which is evidence tending to prove that fact, but refrains from stating the ultimate fact. Defendants' counsel and the trial court put the most favorable construction on the petition of which it was susceptible, that is, by accepting the statement that the defendants in their articles of agreement acknowledged the receipt of that much money as equivalent to a statement that they did receive it; but the plaintiff's counsel in his reply brief says that it is a misconception of his petition to say that it states as a fact "that there was then and there in the custody of said defendants the sum of $10,000 as the property and assets of said corporation," that whilst it is true that the petition does contain those words, yet he says it is stated as a deduction only, that is, in this connection: "That by the terms and acknowledgments of said articles of agreement there was then and there in the custody," etc. Putting the pleader's own construction on his petition it leaves it as a declaration to the effect that the defendants have accounted for only $3,000 of the capital stock of the corporation whereas there is evidence to show that they received $10,000; and that is really its correct construction. It is all that the pleader himself says he intended to say, and it is all that his evidence justified him in saying.

It is also to be observed that the petition does not attempt to state a cause of action against the defendants as stockholders to recover the amounts severally due from each, on his stock subscription. The pleader recognized that each subscriber as such, was liable only for the unpaid balance due on his own subscription, but that the directors were liable jointly for the amount of the capital stock actually paid into the treasury. If instead of three stockholders there had been a hundred, these three directors would have been jointly and severally liable for all the money that actually came into their hands from the whole number of stockholders, but they would

not be responsible, *ex contractu*, in a suit by the corporation, or its voluntary assignee, for the various balances that might be due on the stock subscriptions of the hundred subscribers. Each subscriber is liable for the unpaid balance of his own subscription, but not for that of the other subscribers. Whether the plaintiff's object was to avoid the necessity of three suits instead of one, or it was to hold the solvent stock subscribers liable for the default of the insolvent, or whatsoever the object, the suit is plainly against the defendants as directors only, seeking to make them account for $7,000 as for money had and received on the theory that having acknowledged in the articles of association that they had actually received $10,000 they are estopped to deny the truth of the acknowledgment. This is all that can be made out of the petition by its most favorable construction and it is the theory of the briefs in its support.

II.   Nothing that is said in this opinion is to be taken as giving countenance or toleration to the formation of a business corporation under our laws except when all the capital stock has been in good faith subscribed, and one-half thereof actually paid into the treasury in money or money's actual equivalent at the time. The payment of stock subscriptions in property at visionary, merely speculative or inflated value, is an abuse of our statutes and there are penalties and liabilities for such abuses.   [Van Cleve v. Berkey, 143 Mo. 109.]

But we are dealing now with a case in which a voluntary assignee of a corporation is calling its directors to account for their alleged dissipation of its assets; a case in which the evidence shows that whilst the charter was obtained under a certificate signed by them that one-half of the capital stock amounting to $10,000, was actually paid in, yet in fact only $3,000 was so paid. Under this proof the corporation, in a proper proceeding by the State, might have been ousted of its franchise.

And under this proof these directors would be liable

jointly and severally to any creditor of the corporation who gave it credit on the faith of that certificate, believing it to be true.

In 1897 the General Assembly passed an act amending our law as to voluntary assignments by conferring upon assignees in such proceedings rights and powers which they had not before possessed. [Laws 1897, p. 38; R. S. 1899, sec. 365.] That act is not now before us for consideration, or construction, as it can not affect the rights of these parties in the matter now in controversy, because the assignment under which this plaintiff derives his authority was made in 1894. And even if that act were susceptible of a construction that would give the additional powers conferred to then existing assignees (as to which we give no opinion or intimation) it could not apply to this suit because it was passed after the suit was begun and after the judgment in question was rendered.

Under our assignment law as it was before the act of 1897, the assignee took only such title, either as to property or rights as the assignor had to bestow; as it is expressed in one of our early decisions, he stood in the shoes of the assignor, with the assignor's rights and powers, neither more nor less. [State to use of Phillips v. Rowse, 49 Mo. 586; Roan v. Winn, 93 Mo. 503; Jacobi v. Jacobi, 101 Mo. 507.]

If, therefore, the corporation before the assignment could have maintained this suit, the plaintiff may do so, otherwise not.

A corporation may sue a stockholder to recover a balance due on his stock subscription made in contemplation of the incorporation, and we are cited to decisions which hold that that right passes to the assignee of a corporation and he may maintain such a suit. Of such decisions are Shockley v. Fisher, 75 Mo. 498; Haskell v. Worthington, 94 Mo. 560, and other cases referred to in appellant's brief. The correctness of those decisions are unquestioned, but they have no

application to the case at bar, because this is not a suit to re-cover of a stockholder the balance of his unpaid stock sub-scription. And if it were true that this money had been paid into the treasury of the corporation or otherwise come into the hands of the defendants as directors, and they had failed to lawfully account for it they would have been liable to the corporation and to the assignee. [Bent v. Priest, 86 Mo. 475.] But the fact is as shown by the plaintiff's own evi-dence, the money sued for never was in the treasury, nor in the control of the directors. Therefore they are not liable on that theory.

What the plaintiff really relies upon is that which he conceives to be the conclusiveness of the receipt of the money acknowledged in the articles of association signed by the de-fendants. The argument is that defendants having organized the corporation on the faith of that recital it would be a fraud on creditors to allow them now to dispute its truth. And that argument would be unanswerable if creditors who had been misled by it were here suing.

The only ground upon which it is claimed that the acknowl-edgment or recital is conclusive, is that of estoppel. In Bales v. Perry, 51 Mo. loc. cit. 453, it is said: "The courts all concur in this, that no man can set up another's act or conduct as a ground of an estoppel unless he has himself been misled or deceived by such act or conduct; nor can he set it up when he knew or had the same means of knowledge as to the truth of the statement as the other party. The primary ground of the doctrine is, that it would be a fraud on a party to assert what his previous conduct had denied, when on the faith of that denial others have acted. The element of fraud is essen-tial either in the intention of the party estopped, or in the effect of the evidence, which he attempts to set up." If fur-ther authority is needed to sustain this proposition, the follow-ing are some of the cases in our own books: Spurlock v. Sproule, 72 Mo. 503; Acton v. Dooley, 74 Mo. 63; Blodgett

Hequembourg v. Edwards.

v. Perry, 97 Mo. 263. The truth as to the amount of money paid on the stock subscriptions was known to every member of the corporation, and to the corporation itself. There was no action taken by the stockholders as such, or by the corporation as such, predicated on the belief that $10,000 of its capital stock had been paid in. The stockholders knew before the corporation was formed, and the corporation knew as soon as it was formed, and before it had had a business transaction, that only $3,000 was in its treasury, knew that the statement in the articles of association that $10,000 was paid in was not true. How then could the corporation have been heard to say that it was deceived or misled? The essential conditions of an estoppel are entirely wanting in the appellant's case.

One of the grounds assigned as error is that the court on cross-examination of plaintiff's witness permitted him over objection to testify that only $3,000 of the capital stock had been paid in. Viewed as a mere receipt of written acknowledgment of so much money in hand, in the absence of elements of estoppel, the recital in the articles of association was only *prima facie* evidence and disputable with oral testimony. [Bigelow on Estoppel (5 Ed.), 471, et seq.; State ex rel. v. Branch, 112 Mo. 661.] The evidence was entirely incompetent. The only criticism that might have been made upon it was that it was an unnecessary repetition of what the witness had already stated in his examination in chief, and as the whole record shows it was but a statement of an undisputed fact, the trial court took the correct iew of the law. There was nothing in the evidence upon which a verdict for the plaintiff could have been predicated. The judgment of the circuit court is affirmed. *Gantt, C. J., Burgess, Brace* and *Robinson, JJ.,* concur; *Sherwood* and *Marshall, JJ.,* dissent.