[No. 3517. Decided April 16, 1901.]

M. D. DUNLAP, *Respondent*, v. E. M. RAUCH, *Appellant*.

CORPORATIONS — RECEIVER — ACTION BY CREDITOR ON STOCK SUBSCRIP-
TIONS — AMENDMENT OF COMPLAINT.

Where, pending an action at law by a creditor to recover upon an unpaid subscription to the capital stock of a corporation, there being no disclosure of other creditors or of any inadequacy of assets at the institution of the action, a receiver is appointed in a subsequent action on the ground of the corporation's

insolvency, the action of the court in allowing. the creditor to continue her action for the benefit of all the creditors and ordering the proceeds of the judgment obtained by her to be disbursed by the receiver, was not erroneous, although the court did not direct amendments of the pleadings or a formal substitution of the receiver.

CORPORATE STOCK — PAYMENT IN PROPERTY.

Where property is given in payment of a subscription to the capital stock of a corporation, the property must be worth in cash the amount of the subscription for which it is offered; and the estimate of value placed upon such property by the stockholders is not conclusive on the courts.

Appeal from Superior Court, Garfield County.—Hon. MELVIN M. GODMAN, Judge. Affirmed.

*Tweedy & Jewett,* for appellant.

*Gose & Kuykendall,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Suit to recover upon unpaid subscription to the capital stock of a corporation. Plaintiff recovered judgment against the corporation defendant, C. A. Lundy & Co., in an action at law, execution was issued thereon, the property of the corporation exhausted, and the execution returned, with the sum of $2,126.12 unsatisfied. Thereupon plaintiff commenced the present action to recover from the defendants E. M. Rauch and C. A. Lundy the remainder of the judgment. Rauch and Lundy, when the corporation was formed, subscribed for the entire capital stock, in the sum of $50,000, each subscribing for $25,000 thereof. The complaint alleges these facts, and also that Lundy and Rauch were the managers of the corporation since its formation; that each had paid on his subscription the sum of $12,500; that there was due from each on his subscription the sum of $12,500; that the corporation has no assets or property excepting the

unpaid subscription of the defendants Rauch and Lundy; and plaintiff concludes with a prayer for judgment against defendants Rauch and Lundy for the sum unpaid. Defendants Rauch and the corporation answered jointly, and alleged that it was agreed between the corporators defendant that property and money be accepted as payment in full for all the capital stock of the corporation, and alleging that property was so conveyed in payment of the whole stock subscription, and alleged the insolvency of the corporation at the commencement of plaintiff's action, and knowledge to plaintiff of such insolvency. After denying the subscription in writing for the whole capital stock, and stating that it was oral, defendants, by amended answer, set up supplementary matter that, in an action brought subsequently to the present action, wherein defendant Rauch was plaintiff and the corporation C. A. Lundy & Co. was defendant, the corporation was adjudged insolvent, and one H. M. Beach appointed receiver thereof, and that Beach accepted the appointment. Plaintiff replied to the amended and supplemental answer, denying knowledge sufficient to form a belief. While the cause was pending, and prior to its final decision, plaintiff, after due notice to defendants, filed a written offer requesting that an order be entered substituting as plaintiff H. M. Beach, the receiver mentioned in the supplemental answer, and offering, if such substitution was not made, to assign any judgment entered in her favor to Beach as receiver. She requested that the court provide that any judgment entered in her favor be for the benefit of all the creditors of defendant corporation, and that any moneys collected thereon be distributed *pro rata* to all the creditors. Upon the issues made a trial was had, and the court called a jury, and submitted certain interrogatories to it. Evidence was introduced by the respective parties. The interrogatories

do not appear to have been answered by the jury. The court considered the testimony, and made its findings of fact and conclusions of law. The findings, in addition to those above, state that the defendants Rauch and Lundy, at the time of the commencement of the suit, each owed $10,000 upon his unpaid subscription to the capital stock of the corporation; and it was decreed that plaintiff have judgment for the amount demanded in her complaint against each of the said defendants Rauch and Lundy; that the judgment be collected upon execution, and the proceeds thereof disbursed by the receiver, H. M. Beach, to the creditors of the corporation, C. A. Lundy & Co.

Numerous assignments of error are made by appellant, and the briefs are extensive and somewhat involved. The main contention is that the complaint states. an action at law against stockholders on their unpaid subscription, and that in such form it cannot be maintained. We have frequently observed that the form of action is immaterial, if the facts stated entitle the plaintiff to any relief, and the case is fairly tried. The case of *Hurlbutt v. N. W. Spaulding Saw Co.,* 93 Cal. 55 (28 Pac. 795), is pertinent. The court observed:

"There is in this state but one form of civil actions for the enforcement or protection of private rights and the redress or prevention of private wrongs (Code Civ. Proc. § 307), and the facts constituting the cause of action are required to be stated in ordinary and concise language. Here the plaintiffs stated in their complaint their cause of action in clear and intelligible language, and the defendants answered thereto. The court was therefore authorized to try the case as made, and to grant any relief embraced in the issues."

To the same effect, this court said, in *Surber v. Kittenger,* 6 Wash. 240 (33 Pac. 507):

"Although an action may be commenced as an equitable

one, yet, where there is nothing to give a court of equity jurisdiction thereof, the court has authority to permit it to be tried as an action at law, if the defendant is not thereby prevented from having a fair trial."

In *Burch v. Taylor,* 1 Wash. 245 (24 Pac. 438) it was ruled that the unpaid subscription to capital stock was a trust fund, to be reached in equity by the creditor. An equitable suit by a judgment creditor, when recourse against the property of the corporation was exhausted, was maintained in *Adamant Mfg. Co. v. Wallace,* 16 Wash. 614 (48 Pac. 415), and *Kroenert v. Johnston,* 19 Wash. 96 (52 Pac. 605). In *Shuey v. Adair, ante,* p. 378 (64 Pac. 536), it was said, relative to the constitutional liability added to the stockholder in a banking corporation:

"In the only other case where this constitutional provision was directly before this court, the case of *Watterson v. Masterson,* 15 Wash. 511 (46 Pac. 1041), we held that a creditor could not maintain an action to enforce this liability after a receiver had been appointed to wind up the affairs of the corporation, even though the action was prosecuted on behalf of all of the creditors of the corporation, and the receiver was made a party defendant in the action. . . . But in neither of these cases did this court prescribe, or undertake to prescribe, what form of procedure was necessary in order to charge the stockholders upon their superadded liability. . . . On this question we went no further than to hold that the action brought against the stockholders directly, whatever its form, must be prosecuted by the receiver in all cases where a receiver has been appointed to administer the assets of an insolvent banking corporation."

In *Gager v. Bank of Edgerton,* 101 Wis. 593 (77 N. W. 920), it seems, in substance, to be held that the action can be maintained either through creditors on their own behalf or through a receiver, but that both remedies cannot be pursued. 3 Thompson, Corporations, § 3482, attempts to reconcile the cases as follows: The assets of an in-

solvent corporation are a trust fund for the benefit of all
the creditors, and a single creditor will not be allowed to
proceed where it appears either that there are other cred-
itors, or that there is not enough for all; and a complaint
will not be demurrable unless it appears that there are
other creditors of equal standing with plaintiff, or that
there are not sufficient assets for all; and he also suggests
that a single creditor may proceed alone without mention-
ing other creditors, or, if proceeding in their behalf, this
will not prevent them from coming in and being made co-
plaintiffs on their own behalf.    These views seem to be
recognized in *Brundage v. Mining Co.,* 12 Ore. 322. (7
Pac. 314).

It will be observed plaintiff commenced this action when
there was no disclosure of other creditors or of any inade-
quacy of assets to meet all claims against the corporation.
Pending the suit, one of the defendants commenced an ac-
tion in the same court for the appointment of a receiver,
and, upon his petition, Receiver Beach was appointed.
Thereupon the plaintiff in the present action requested
that the receiver be substituted for herself, or, in effect,
that her cause be continued for the benefit of all the cred-
itors, and such relief be given as pertained to equity.    The
court proceeded according to this theory, concluded the ac-
tion, and gave relief for the benefit of all the creditors.
We deem it of no consequence that the court did not di-
rect amendments of the pleadings or a formal substitution
of the receiver, and we are not disposed to disturb or to
interfere with the discretion exercised by the trial court
in this regard.

Relative to the plea in the answer of payment in prop-
erty by agreement of the corporators, the court found ad-
versely to such agreement, and that such payment was not
made.    While there has been some conflict in the expres-

sions of this court as to the effect of payment of capital stock in property, the most frequent and best considered expressions approve the rule stated in *Adamant Mfg. Co. v. Wallace, supra;* that is, in substance, that the subscription to capital stock must be paid in money or money's worth, and that the estimate of the value placed upon the property by the stockholders of the corporation is not conclusive upon the courts.

We have examined the testimony, and conclude that the facts found by the superior court are fully supported by the evidence. The judgment is affirmed.

FULLERTON, DUNBAR, and ANDERS, JJ., concur.