[No. 6308.  Decided November 20, 1906.]

CARSTENS & EARLES, *Cross-Appellant and Respondent*, v.
W. D. HOFIUS, *Appellant*, and WITTLER-CORBIN
MACHINERY COMPANY, *Respondent*.[1]

CORPORATIONS—CONVEYANCES—SELLING OUT TO ANOTHER CORPORA-
TION — CREDITORS — LIABILITY OF TRUSTEE OF SELLING CORPORATION.
Where a corporation sells all of its assets to a corporation newly or-
ganized by part of the trustees, which assumed the old indebtedness,
the balance of the consideration passing directly to the trustees and
for their benefit, a trustee who participated therein and received
benefits from the transaction is liable to the creditors of the corpora-
tion, under Bal. Code, § 4265.

SAME.  The fact that the new corporation assumed the indebted-
ness of the other, does not relieve the trustee from liability to a
creditor who had no notice of the transaction.

CORPORATIONS—SALE OF ASSETS TO NEW CORPORATION—RIGHTS OF
CREDITORS.  Where a corporation is organized to take over the busi-
ness and all the assets of another corporation, which it purchases,
paying over the consideration directly to and for the benefit of the
trustees, knowing that the selling corporation is unable to pay its
creditors, the new corporation is liable for the debts of the other,
although it is not alleged that it assumed to pay the same; since the
assets were a trust fund for creditors, as to whom the transaction
was fraudulent.

Cross-appeals from a judgment of the superior court for
King county, Honorable Walter A. McClure, judge *pro tem-
pore*, entered February 24, 1906, in favor of the defendant,
after sustaining a demurrer to the complaint, in an action to
recover upon promissory notes after the improper disposition
of the assets of a corporation.  Affirmed in part and reversed
in part.

*Ballinger, Ronald, Battle & Tennant*, for appellant.

*J. B. Alexander*, for respondent.

HADLEY, J.—This action was brought to recover by reason
of an alleged improper disposition of the assets of a cor-
[1]Reported in 87 Pac. 631.

poration. The plaintiff and the defendants Corbin Machin-
ery and Wittler-Corbin Machinery Company are corpora-
tions. In January, 1902, the Corbin Machinery Company
became indebted to plaintiff corporation in the sum of
$406.73, and in December, 1902, the indebtedness being un-
paid, the defendants Corbin Machinery Company and W. J.
Corbin executed promissory notes to plaintiff for the amount
of said previously existing indebtedness. The notes being
unpaid, the plaintiff, in January, 1905, obtained judgment
against the said makers, and thereafter execution was issued
thereon, which was returned wholly unsatisfied. When the
indebtedness was incurred, the defendants Corbin and Hofius
were owners of capital stock in said Corbin Machinery Com-
pany, and were also trustees thereof. On July 8, 1902,
Hofius resigned as trustee and was succeeded by one Wittler.

In June, 1902, the Wittler-Corbin Machinery Company
was organized, and the said Corbin and Wittler became stock-
holders and trustees therein. In the same month the trustees
of the Corbin Machinery Company and the trustees of the
Wittler-Corbin Machinery Company made an agreement
whereby the former corporation agreed to sell to the latter
one all the property of the Corbin Machinery Company, ex-
cept one certain contract with Perkins & Company of Grand
Rapids, Michigan, the sale to include the good will of the
Corbin Machinery Company. It was also agreed that, as
part of the purchase price and consideration to be paid, the
purchasing corporation should assume and pay all the out-
standing obligations of the selling corporation, excepting a
certain promissory note for $10,000 owing to the defendants
Hofius and Pigott; that the difference between the appraised
or inventory value of the property so purchased and the total
of said outstanding obligations should be paid by the issu-
ance of stock in the Wittler-Corbin Machinery Company to
defendant Corbin or to such persons as he should direct, it
having been previously agreed between Corbin, Hofius and

Pigott that the two latter should sell to the former all their stock in the Corbin Machinery Company. In pursuance of said agreement, the two defendant corporations carried it into effect through the passage of resolutions by their respective boards of trustees, the stockholders consenting therein.

At the time of the sale it appeared from the statements and inventories of the Corbin Machinery Company, and it was estimated by the parties to the sale, that the reasonable value of the property, including the good will of the selling company, was $27,500, over and above all the outstanding indebtedness of the selling company, except the $10,000 note mentioned. At about the time of the sale, the Whittler-Corbin Machinery Company issued to defendant Corbin certificates for its capital stock to the amount of $20,000, par value, and all the property of the selling corporation was transferred to the purchasing one, except the single contract mentioned. The purchasing corporation continued the business formerly conducted by the selling one, and thereafter exercised complete ownership and control over the property and business formerly owned and conducted by the selling corporation.

The capital stock of the purchasing corporation was $40,-000, divided into four hundred shares of $100 each. Defendant Corbin became a subscriber for two hundred shares of said stock, and said Wittler subscribed for the remaining two hundred shares. Corbin had purchased the stock of Hofius and Pigott in the selling corporation, and as such stockholder his entire equity in the assets sold was accepted as the consideration and payment by him for his subscription for the two hundred shares in the purchasing corporation. Wittler, the other subscriber, paid $12,500 cash for his two hundred shares. The purchasing corporation paid all the outstanding obligations of the selling one, except the claim of the plaintiff and the $10,000 note above mentioned. Plain-

tiff's claim was not presented to the purchasing corporation, but was presented to Corbin, who was at the time the president of the selling company, and thereupon the notes aforesaid, representing the previously existing indebtedness to plaintiff, were executed by the selling corporation and Corbin. The plaintiff had no knowledge of the agreement for the sale and transfer of the assets of the selling corporation until after the giving of said notes, and it had no knowledge, at the time of the commencement of this action, of the agreement of the purchasing company to pay the indebtedness of the selling one.

Prior to the agreement for the sale, the selling corporation was indebted to Hofius and Pigott in the sum of $10,000, evidenced by its promissory note. It was agreed between Hofius, Pigott and Corbin that the stock of Hofius and Pigott in the selling corporation should be purchased by Corbin, but that the said stock should be held by Hofius and Pigott as collateral for the payment of the said $10,000 note, the payment of which Corbin guaranteed. Prior to the sale $750 had been paid upon the note, leaving a balance of $9,250. At about the time of the sale, it was agreed that Corbin should pay Hofius and Pigott $2,250 cash upon the note, and should execute to them his note for $7,000, which latter note should be secured by depositing with Hofius and Pigott $17,000 of Corbin's stock in the purchasing corporation. Thereupon Corbin hypothecated $3,000 of his stock in the purchasing corporation to Wittler, and borrowed thereon $2,250, which sum he paid to Hofius and Pigott, and he executed his note for $7,000 secured by $17,000 of stock in the purchasing corporation, as aforesaid, the old $10,000 note held by Hofius and Pigott being then surrendered. Afterwards the stock of the purchasing corporation so pledged by Corbin was sold to satisfy said loans, and after applying the proceeds of the sale to the payment of the loans, there was left a balance of $1,200.

Neither Hofius nor Pigott became a purchaser of the stock at the said sale thereof, and neither one has ever been the owner of any part of the stock of the Wittler-Corbin Machinery Company. No money was paid by the Wittler-Corbin Machinery Company to the Corbin Machinery Company for the transfer of the latter's assets. No consideration passed to it for the transfer other than the assumption by the Wittler-Corbin Machinery Company of the outstanding indebtedness of the other company, not including the said $10,000 debt owing to Hofius and Pigott. The remaining consideration was paid by means of the issue of fully paid up stock of the Wittler-Corbin Machinery Company to Corbin, of the par value of $20,000. At the time of the transfer of the assets of the Corbin Machinery Company, defendant Pigott was not a trustee of said company, but at the time the sale was authorized the defendant Hofius was a trustee, was present at the trustee's meeting, consented to the plan for the transfer and to the resolution authorizing it, and did not cause his dissent therefrom to be entered at large upon the minutes of the board of trustees.

The above facts we have gleaned from the court's findings in the case. The findings are very extensive, and the above is but an abbreviated statement thereof. There is no evidence here, and the findings are therefore conclusive as to the facts. The complaint, after setting forth some of the above facts together with other allegations, asks, among other things, for judgment for the amount of plaintiff's claim against both defendant corporations, and also against Corbin, Hofius and Pigott. The defendants Corbin Machinery Company and Corbin made default, and the defendants Wittler-Corbin Machinery Company and Hofius demurred to the complaint; the demurrer of the former being sustained, and the latter overruled. Defendant Hofius answered and, after a trial, judgment was awarded against the two defaulting defendants, and also against Hofius. Judgment was granted in favor of the defendants Wittler-Corbin Machinery

Company and Pigott. The defendant Hofius has appealed from the judgment against him, and the plaintiff has appealed from the judgment in favor of the Wittler-Corbin Machinery Company.

With respect to the appeal of appellant Hofius, we think it is manifest from the foregoing statement of facts that he shared the fruits of the transfer of the assets from the Corbin Machinery Company to the Wittler-Corbin Machinery Company. At the time the transfer was consummated he was a trustee of the selling corporation. The method pursued was a circuitous one for disposing of his stock in the Corbin Machinery Company and for realizing therefor, from the consideration paid for the corporate property, the value of his stock. He either participated directly in the distribution of the consideration which should have passed directly to the selling corporation or he sold his stock in said corporation to Corbin and took a lien upon $17,000 of the stock of the purchasing corporation, which was a part of the consideration for the transfer of the selling corporation's assets. Either view, it seems to us, necessarily leads to the same result.

After the transfer of its property, the selling corporation had nothing left except a certain contract the value of which does not appear. The consideration paid, as we have seen, passed into the control of others and not to the selling corporation. That said corporation was deprived of the means of paying its debts is shown by the failure of the respondent, the plaintiff below, to recover upon execution against the corporation. Under such circumstances we think appellant Hofius, as a trustee participating in the transaction, became liable to the creditors of the corporation under § 4265, Bal. Code, as said section was construed and applied by this court in *Tacoma Ledger Co. v. Western Home Bldg. Ass'n.*, 37 Wash. 467, 79 Pac. 992.

It is argued by appellant that in that case no provision was made for the assumption of the debts of the selling corpora-

tion, as was done in the case at bar. At the time this action was commenced the respondent did not know that the purchasing corporation had assumed the payment of the indebtedness, and it was not bound to know it, since the record thereof was a private one made by the two corporations, and was in no sense a public record. In *Hibernia Ins. Co. v. St. Louis etc. Transp. Co.*, 13 Fed. 516, the court said:

"Equity will not compel the creditor of a corporation to waive his right to enforce his claim against the visible and tangible property of the corporation, and to run the chances of following and recovering the value of shares of stock after they are placed upon the market."

No more will equity require a creditor to waive his right to recover upon the obligation of a trustee who has permitted all the tangible assets of a corporation to be absorbed by another, in the proceeds of which he has shared, and run his chances of recovering from the other, merely because such other corporation may have assumed to pay the debts of the one whose assets have vanished, to the extent, at least, of being unavailable to creditors. Particularly is this true when the creditor for a long time has no knowledge of the transfer of the tangible property of the debtor corporation, and at no time before suit has knowledge that the other one has assumed the payment of its vendor's debts, as was true of the respondent here. We therefore think the court did not err in entering judgment against appellant Hofius.

Appellant Carstens & Earles, plaintiff below, assigns as error that the court sustained the demurrer to the complaint interposed by the Wittler-Corbin Machinery Company. By its demurrer the said corporation admits the averments of the complaint, that it purchased the assets of the Corbin Machinery Company, that the latter company ceased to conduct an active business, that the consideration paid for the property did not pass to the selling corporation, but did go directly to its trustees and for their benefit, that the selling corporation was unable to pay its indebtedness to this cross-

appellant, that all these facts were known to it at the time of the transfer, and that the fact of the transfer was not known to this cross-appellant.

This court has held, beginning with *Thompson v. Huron Lumber Co.*, 4 Wash. 600, 30 Pac. 741, 31 Pac. 25, and followed by a number of other decisions, that the assets of an insolvent corporation constitute a trust fund for the benefit of its creditors, and that no subterfuge will be permitted to prevent a distribution of·such funds among the creditors. The demurrer admits that the Wittler-Corbin Machinery Company was organized with the purpose of acquiring the assets of the other corporation by paying over the consideration, not to the selling company, but directly to and for the benefit of the latter's trustees. By the averments of the complaint, the Wittler-Corbin Machinery Company therefore knowingly became a party to a scheme by which both the assets of the Corbin Machinery Company and the proceeds thereof were rendered unavailable to the latter's creditors. In such case the transfer may be set aside as fraudulent, the property subjected to the satisfaction of creditor's claims, or the grantee or transferee held liable for its value.

"If a corporation conveys or transfers its property, real or personal, to an individual or another corporation, with intent to hinder, delay or defraud creditors, or without consideration, existing creditors may sue in equity, after recovery of judgment and return of an execution thereon unsatisfied or, under some circumstances, without this, to set the conveyance or transfer aside as fraudulent, and to subject the property to the satisfaction of their claims, or to hold the grantee or transferee liable for its value." 3 Clark & Marshall, Private Corporations, § 777a.

See, also, cases there cited.

We therefore think the complaint states a cause of action against the Wittler-Corbin Machinery Company, and that the court erred in sustaining the demurrer. The record presents the anomaly of a finding by the court that the Wittler-Corbin Machinery Company assumed the payment of debts

of the other company which included this cross-appellant's claim, and yet no judgment was awarded against it. The finding was made, however, upon a trial of the issue made by appellant Hofius. The complaint did not allege that the debts were assumed by the respondent Wittler-Corbin Machinery Company, and the appeal now under discussion involves the demurrer to the complaint alone. Treating it as standing alone, and without reference to the court's finding on the trial of the issue made by appellant Hofius, we nevertheless find, for the reasons assigned, that it states a cause of action.

The judgment against appellant Hofius is affirmed, but that part of the judgment which is in favor of the Wittler-Corbin Machinery Company is reversed, and the cause is remanded with instructions to vacate that part of the judgment and overrule the demurrer to the complaint. The respondent and cross-appellant, Carstens & Earles, shall recover its costs on both appeals.

MOUNT, C. J., FULLERTON, RUDKIN, DUNBAR, and CROW, JJ., concur.