[No. 10585. Department One. January 24, 1913.]

BARNARD MANUFACTURING COMPANY, *Appellant*, v. RALSTON MILLING COMPANY *et al.*, *Respondents*.[1]

CORPORATIONS — INSOLVENCY — RECEIVERS—GROUNDS FOR APPOINTMENT — MISREPRESENTATIONS BY STOCKHOLDER — COMPLAINT—SUFFICIENCY. A complaint states a cause of action for the appointment of a receiver of an insolvent corporation and the collection of unpaid stock subscriptions, where it alleges that the defendant stockholders induced the plaintiff to extend credit to it by falsely representing that its capital stock of $25,000 was fully paid up, when not to exceed $13,200 thereof had been subscribed, that defendants diverted and appropriated the capital stock, and that the corporation was insolvent, and a return of *nulla bona* had been made in another suit.

CORPORATIONS—OFFICERS AND STOCKHOLDERS—LIABILITY. Stockholders who induced the extension of credit to an insolvent corporation by false representations as to the amount of stock subscribed are liable for the loss to the extent that the represented stock exceeds the amount actually subscribed.

CORPORATIONS—CAPITAL STOCK—TRUST FUND—APPROPRIATION. The assets of a corporation being a trust fund for creditors, its capital stock can be reduced only in the manner provided by statute; and persons appropriating the same are liable therefor.

CORPORATIONS—INSOLVENCY—PRIMA FACIE PROOF. The insolvency of a corporation is *prima facie* shown, under Rem. & Bal. Code, § 3715, by failure to pay its annual license fee for one year after due date.

SAME—NULLA BONA. The insolvency of a corporation is shown by judgment and return of *nulla bona* at the suit of a third party.

[1]Reported in 129 Pac. 389.

CORPORATIONS—INSOLVENCY—LIABILITY OF STOCKHOLDERS. A judgment creditor of an insolvent corporation may maintain an action against stockholders, where there is a prayer for a receiver and general relief.

CORPORATIONS—INSOLVENCY—LIABILITY OF STOCKHOLDERS—FRAUD. Rem. & Bal. Code, §§ 3677 and 3698, measuring and limiting the liability of stockholders in a corporation, do not protect a stockholder from the consequences of fraudulent representations inducing the extension of credit to the corporation when insolvent.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered January 6, 1912, upon sustaining demurrers to the complaint, dismissing an action for the appointment of a receiver of an insolvent corporation. Reversed.

*Belden & Losey* and *John M. Cannon*, for appellant.

*Adams & Naef*, for respondents.

Gose, J.—Demurrers were sustained to the plaintiff's second amended complaint. Upon its election to stand upon its pleading, a judgment was entered in favor of the defendants. The plaintiff has appealed.

The complaint is long, and contains some conflicting averments. But the essential features may be thus epitomized: After alleging the incorporation of the appellant and the payment to the state of its last annual license fee, it alleges that the Ralston Milling Company has held itself out to the public and to the appellant as a legally organized corporation with a subscribed and paid-up capital of $25,000; that the individual respondents, since the 5th day of May, 1908, have represented to the public and to the appellant that the milling company was a corporation organized to conduct an elevator and milling business, and that it had a capital stock of $25,000, "fully subscribed in good faith;" that it had kept its license fees paid; that the appellant believed and relied thereon, and had no knowledge to the contrary; that not to exceed $13,200 of its capital stock has been subscribed, the major portion of which has not been paid, all

of which the respondents knew; that the corporation, through its officers and managers, since the 5th day of May, 1908, has purchased from the appellant goods, wares and merchandise, upon which there remains a balance unpaid of $861.33, and that the appellant would not have extended the credit had it not believed the representations of the respondents to the effect that $25,000 capital stock had been subscribed.

It is further alleged that the respondents, "and each of them, have wasted, appropriated to their own use, secreted, or fraudulently transferred all of the regularly subscribed capital stock" of the corporation, and all the proceeds thereof, with intent to defraud the appellant "and others"; that the respondents all assert that the corporation is insolvent, and that it has not paid its license fee to the state for the years 1910 and 1911. It is further alleged that, upon a judgment entered in another case against the corporation, an execution was issued, and a return of *nulla bona* was made a few days before the commencement of the action. The prayer is for a judgment against the corporation, for the appointment of a receiver empowered to recover any property of the milling company that may have been transferred in fraud of creditors, requiring the receiver to collect all sums due the corporation on stock subscription, "and requiring defendants and each of them to pay, or cause to be paid, to said receiver for the benefit of the plaintiff and other creditors of said corporation the sum of $11,800, or so much thereof as shall be required to pay all indebtedness of said corporation and the costs of said receivership, the same to be paid in such proportion by said defendants as to the court may seem just and equitable;" and for general relief. The respondents Clodius, Berry and Mueller joined in one general demurrer to the complaint, and the respondents V. T. Donnell, B. B. Gillispie, E. H. Herring, F. Albershardt, J. A. Helm and W. C. Reeder joined in another general demurrer.

We think the complaint states a cause of action against

both demurrers. It charges, in effect, that the individual respondents induced the appellant to extend credit to the corporation by representing to it that the corporation had a subscribed capital stock of $25,000, when in truth and fact, as they each knew, not to exceed $13,200 had been subscribed; that there is a balance due to appellant from the milling company, and that the corporation is insolvent.

A stockholder or officer of a corporation is no more immune for his false representations which result in a loss to one who relied upon the representations than any other individual. In other words, the rules of common honesty and common sense apply alike to all persons, without regard to the capacity in which they act. If the charges are true, the appellant has suffered a loss because it relied upon the respondents' representations as to material facts, which representations were false and known to be false when made. This view is elementary and would seem to require no sustaining authority. In *Schley v. Dixon*, 24 Ga. 273, 71 Am. Dec. 121, it was held that it was a legal fraud for trustees of a corporation to make false official reports which prejudiced the rights of the creditors of the corporation. See, also, *Hequembourg v. Edwards*, 155 Mo. 514, 56 S. W. 490; *Burns v. Beck*, 83 Ga. 471, 10 S. E. 121. If the several respondents represented that $25,000 capital stock had been subscribed, and credit was extended on these representations and a loss resulted, there would seem no reason in law or equity why they should not be held to make these representations good to the extent of the loss; provided the loss does not exceed the difference between the capital stock subscribed and the amount which they represented had been subscribed.

The complaint is also sustainable on another ground. It charges that the respondents diverted and appropriated the capital stock of the corporation. The capital stock of a corporation can only be reduced in the manner provided by statute. Rem. & Bal. Code, §§ 3697, 3698; *Carstens &*

*Earles v. Hofius*, 44 Wash. 456, 87 Pac. 631; *Tait v. Pigott*, 32 Wash. 344, 73 Pac. 364; *Tacoma Ledger Co. v. Western Home Building Ass'n*, 37 Wash. 467, 79 Pac. 992. In the case last cited, it is said:

"And it is held a fraud on the creditors for the stockholders to withdraw the assets of the corporation leaving debts of the corporation unpaid."

In the *Hofius* case, the court said:

"No more will equity require a creditor to waive his right to recover upon the obligation of a trustee who has permitted all the tangible assets of a corporation to be absorbed by another, in the proceeds of which he has shared."

This rule rests upon the principle that the assets of a corporation are a trust fund for the payment of its debts. *Conover v. Hull*, 10 Wash. 673, 39 Pac. 166, 45 Am. St. 810; *Tacoma Ledger Co. v. Western Home Building Ass'n*, *supra*. It has been held that a director of a corporation, who converts its property or diverts it to purposes other than corporate purposes, is liable for the value of the property so converted or diverted. *Potvin v. Denny Hotel Co.*, 26 Wash. 309, 66 Pac. 376; *Mitchell v. Jordan*, 36 Wash. 645, 79 Pac. 311.

The statute provides that the failure of a corporation to pay its annual license fee for the period of one year after its due date is *prima facie* evidence of its insolvency. Rem. & Bal. Code, § 3715. Again, the allegation that a judgment has been entered against the corporation at the suit of a third party and that an execution issued thereon has been returned unsatisfied, in itself shows the insolvency of the corporation. This court has held that a judgment creditor of an insolvent corporation may maintain an action against the stockholders for their unpaid subscription. *Adamant Mfg. Co. v. Wallace*, 16 Wash. 614, 48 Pac. 415; *Dunlap v. Rauch*, 24 Wash. 620, 64 Pac. 807.

The complaint charges that like misrepresentations were made to other creditors. The prayer for general relief and

for payment through a receiver will protect the respondents and bring the case within the rule applied in *Dunlap v. Rauch, supra.*

It is said that the learned trial court sustained the demurrers upon the authority of *American Radiator Co. v. Kinnear,* 56 Wash. 210, 105 Pac. 630, 35 L. R. A. (N. S.) 453. In that case the only fraud asserted was that the corporation commenced and transacted business before all its capital stock had been subscribed. It was held that that fact did not render the officers and trustees liable. The code, Rem. & Bal., §§ 3677 and 3698, is also relied upon as measuring and limiting the liability of stockholders in a corporation. These sections deal only with their contractual relations. The legislature did not intend to, and has not, exempted a stockholder in a corporation from liability, when by his actual misrepresentations as to the capital stock of the corporation he has induced a third party to extend it a credit which it would not otherwise have given it, and has suffered a loss in so doing. In short, there was no intention to protect a stockholder against his own fraudulent acts.

The judgment is reversed, with directions to proceed in conformity with this opinion.

CROW, C. J., CHADWICK, PARKER, and MOUNT, JJ., concur.