[No. 148-2.    Division Two.    March 5, 1971.]

CHARLES DAVIS et al, Respondents, v. ROBERT OLSON et al., Defendants, ROBERT RIDDELL et al., Appellants.

*Richard E. Wing* (of *Venable & Wing*), for appellants.

*Philip H. DeTurk*, for respondents.

PETRIE, C.J.—In February, 1968, plaintiffs, Charles and Nellie Davis, husband and wife, as judgment creditors of

United Guaranty Group, Inc., filed a "Complaint for Money Due" against 16 marital communities alleging (1) that each was a stockholder of United who owed money to the corporation for unpaid stock subscriptions, and (2) that each should be required to pay the unpaid stock subscription in an amount sufficient to satisfy plaintiff's judgment against the corporation.

Prior to trial, plaintiff had agreed to dismiss all but three of the defendants, having determined, unilaterally, that the others either (1) had previously paid their stock subscriptions in full, (2) had never been valid subscribers of the corporate stock, or (3) (with respect to seven defendants) had made a satisfactory pretrial settlement with plaintiff in an individually negotiated amount. Some 5 days after trial, on December 23, 1968, the court dismissed with prejudice the seven defendants who had "fully compromised and settled" plaintiff's claim against them.

At the commencement of trial, defendants Robert Riddell and wife, moved that the action be dismissed on the theory that the complaint failed to state a cause of action because it was brought for plaintiff's exclusive use and benefit and not for the benefit of all the creditors of the corporation. The motion, apparently, was denied. The same motion was renewed at the conclusion of trial and, again, was denied.

By letter dated January 27, 1969, the court notified the parties that a "trustee" would be appointed "to collect these outstanding subscriptions for the benefit of all creditors." By the same letter the court notified the parties that defendant Riddell (and one other) were "liable in the full amount of their stock subscriptions", and ordered payment thereof to the newly appointed trustee. Riddell having failed to pay any amount to the trustee, the court entered judgment to the plaintiff against Riddell "in favor of" the trustee. Riddell has appealed to this court.

The evidence indicated that the corporation ceased to function in January, 1967; no dissolution proceedings were ever instituted; no receiver was ever sought or appointed; but in January, 1967, the corporation had outstanding claims

other than that of the plaintiff herein; that plaintiff's claim had been reduced to judgment in the amount of $8,500 in a prior action; and that said judgment had been only partially satisfied in the amount of $871.08 as a result of plaintiff's efforts to reach the corporation's tangible assets.

█ It has long been the law in this jurisdiction that where a creditor desires himself to be the actor in proceedings to collect unpaid stock subscriptions, the amount thereof is held to be a trust fund for the payment of creditors. *Burch v. Taylor*, 1 Wash. 245, 24 P. 438 (1890). *See* J. Ellis and C. Sayre, *Trust-Fund Doctrine Revisited*, 24 Wash. L. Rev. 44, 134 (1949). Thus, when a creditor's bill is brought against a delinquent subscriber, the action must be brought on behalf of all the creditors, and not just for the exclusive use and benefit of the plaintiff creditor who filed the action. *Montesano v. Carr*, 80 Wash. 384, 141 P. 894, 7 A.L.R. 95 (1914). It is apparent that the complaint as filed did not purport to act on behalf of all creditors. The question remaining is whether or not the post-trial appointment of a "trustee" with direction to seek out other creditors cured the original defect. It would appear that the defect was not so cured. *Montesano v. Carr*, *supra*.

However, we are constrained to resolve this appeal on a more fundamental issue. Did this appealing delinquent subscriber have his proper day in court? We hold that he did not. The rule in this state is that, as against a creditor of the corporation, the proceedings must not only run against all such stockholders, but there must be some attempt by the court to ascertain each such subscriber's pro rata share of the total claim of the creditors. *Beddow v. Huston*, 65 Wash. 585, 118 P. 752 (1911); *Johnsen v. Pheasant Pickling Co.*, 174 Wash. 236, 24 P.2d 628 (1933); *Chamberlain v. Piercy*, 82 Wash. 157, 143 P. 977 (1914). In the case at bar, the plaintiff made individual settlements with at least seven of the defendants in varying percentages of their unpaid subscription prior to trial; and based upon each such settlement, agreed to dismiss each defendant

from the action. The order dismissing such defendants was entered prior to the court's appointment of a "trustee". Concurrent with appointment of the "trustee", the court announced that Riddell was liable for the full amount of his unpaid subscription and directed the "trustee" to proceed with the collection thereof. Appellant was therefore denied even the basic procedural protection of an attempt to prorate the total claims among all delinquent subscribers.

The judgment is reversed and remanded with instruction to dismiss the action.

Pearson and Armstrong, JJ., concur.