[No. 1143.   Decided March 1, 1894.]

HOLBROOK, MERRILL & STETSON, *Respondent*, v. PETERS & MILLER COMPANY, *Appellant*.

ATTACHMENT — GROUNDS — PREFERENCE BY INSOLVENT CORPO-
RATION.

A transfer of property by an insolvent corporation whereby a preference is given to one creditor over others, while against equity and good conscience, is not such a fraud in fact as to afford ground for an attachment of such property at the instance of another creditor.

*Appeal from Superior Court, Pierce County.*

*Bean & Fitch*, for appellant:

It is not fraud *per se* to prefer a creditor, though all the property of the debtor be conveyed to the one preferred, leaving others unpaid. *Turner v. Iowa National Bank*, 2 Wash. 192; *First National Bank v. Carter*, 6 Wash. 494; *Furth v. Snell*, 6 Wash. 542; *Giddings v. Sears*, 115 Mass. 508; *Armstrong v. Cook*, 54 N. W. 873; *Farwell v. Brown*, 1 Fed. Rep. 132; *Furniture Co. v. Armstrong*, 26 Pac. 693. Even though an insolvent corporation may not prefer a creditor in equity, in law such a preference is valid. *Thompson v. Huron Lumber Co.*, 4 Wash. 600; Wait, Insolvent Corporations, § 156; *Patterson v. Lynde*, 106 U. S. 519.

*Frederick A. Brown* (*John D. Fletcher*, of counsel), for
     respondent:

The officers of an insolvent corporation are trustees for
all creditors, and any attempt by them to give one creditor
an advantage is a breach of their trust, and a fraud upon
other creditors. *Thompson v. Huron Lumber Co.*, 4 Wash.
600; *Rouse v. Bank*, 22 N. E. 293; *Upton v. Tribilcock*,
91 U. S. 45; *Haywood v. Lincoln Lumber Co.*, 64 Wis.
643; *Corbett v. Woodward*, 5 Sawy. 403; *Bradley v. Far-
well*, 1 Holmes, 437.

The opinion of the court was delivered by

STILES, J.— The respondent procured an attachment
against the property of appellant, alleging as a ground for
the issuance of the writ, "that the defendant is and has
been for some time prior hereto an insolvent corporation,
as affiant verily believes, and while so insolvent did, on the
21st day of June, 1893, assign and dispose by bill of sale,
deeds and assignments, to the Columbia National Bank, all
of its property, with intent to delay and defraud its cred-
itors; that said attachment is not sought, and said action
is not prosecuted, to hinder, delay or defraud creditors."

Upon motion to set aside the attachment, it appeared
that the transfer of possession to the Columbia National
Bank was made to enable the bank, as a creditor of the
Peters & Miller Company, to dispose of the property trans-
ferred for the purpose of enabling it to satisfy certain
notes which the bank held, and which had been executed
and delivered to it by the Peters & Miller Company, and
secured by chattel mortgage; in other words, the Peters
& Miller Company, a corporation, had sought to make the
bank a preferred creditor, after it had become insolvent
and ceased to be a going concern, as the plaintiff alleged.

We do not think the attachment statute contemplates

that such action on the part of a debtor, although it be an insolvent corporation, shall be ground for an attachment. The right of attachment is based upon the supposed existence of fraud in fact, and not upon what is merely voidable because against equity and good conscience, sometimes denominated fraud in law. It is not a fraud in fact for a debtor, whether a natural person or a corporation, to prefer a creditor, and it is only because the law regards the assets of an insolvent corporation as a trust fund for all its creditors that it interferes with preferences made by debtors of that class. If the Peters & Miller Company was an insolvent corporation at the time it transferred its property to the bank, its other creditors can have adequate relief upon alleging sufficient grounds therefor, by complaint in equity to subject its assets, in the hands of the bank, to an equal distribution, in which all its creditors can participate. The ground upon which they must base an action for that purpose will be equitable, and not purely legal. To sustain this attachment would be to permit the respondent to make itself a preferred creditor, which is the very gist of its complaint against the appellant in its treatment of another creditor.

The action of the superior court in sustaining the attachment was, therefore, erroneous, and the order denying the motion to set aside the attachment must be reversed. So ordered.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.