[No. 1334. Decided December 26, 1894.]

Laramie Mayer, *Respondent, v.* J. H. Woolery, *Sheriff,*
AND George McDade, *Appellants.*

ATTACHMENT—CLAIM BY THIRD PERSON—FILING BOND—AFFI-
DAVIT—FRAUDULENT CONVEYANCES—EVIDENCE.

The provision of Code Proc., § 491, requiring a claimant of property seized under attachment to make good his title thereto within ten days after filing his affidavit and bond therefor with the sheriff is not a mandatory provision.

In a proceeding under § 491, Code Proc., for the recovery by a third person of attached property claimed by him as owner, the sheriff and the attaching plaintiff cannot, after the property has been surrendered to the claimant, object that the affidavit required by the statute has never been filed with the sheriff.

Where it is sought to show that the transfer of certain property by an insolvent debtor was not made in good faith, it is not error to reject evidence of other transactions which may tend to a full understanding of the transaction in controversy, if it appears that the relevancy of such other transactions was not clearly made known to the court.

The insolvency of a corporation at the time of making a sale does not from that fact alone constitute a fraudulent transfer.

*Appeal from Superior Court, King County.*

*Shank & Smith,* for appellants.

*Ira Bronson,* for respondent.

The opinion of the court was delivered by

Hoyt, J.—This was a proceeding to obtain possession of attached property under the provisions of §§ 491, *et seq.*, of the Code of Procedure. When the case was first called to the attention of the superior court it appeared that the bond and affidavit required by the statute to be delivered to the sheriff by the claimant had not been filed with the clerk of the court, and that no action in reference thereto had been taken by the claimant until some months after having obtained possession of the property from the sheriff. Growing out of the alleged default of the claimant in this respect, objections to hearing the cause were made on the part of defendants. These were overruled by the court and its action in so doing constitutes the alleged error which is most relied upon here.

It is contended that since under the statute the claimant is required to appear and make good his title to the property within ten days, the effect of his having taken no steps to that end until long after the expiration of that time was to forfeit any rights which he might have had growing out of the proceeding. In our opinion the statute does not authorize such a mandatory construction. Upon the bond and affidavit being filed with the clerk it was his duty to docket the cause, and it stood for trial the same as any other, and either party could have taken the initiatory steps to that end. And the sheriff was as much the agent of the attaching defendant as of the claimant in filing, or neglecting to file, the bond and affidavit. See *Peterson v. Wright*, 9 Wash. 202 (37 Pac. 419).

It is further objected that it was not made to appear that the affidavit required by the statute had ever been filed with the sheriff, and that by reason of the failure to file it the claimant had lost the right to prove his title to the property. This objection, if sustained, would deprive defendants of any standing in court. The sheriff having attached the property could legally surrender it to the claimant only upon the provisions of the statute in that regard having been complied

with, and if without such compliance he abandoned the possession of the property he would lose all right thereto. If the sheriff surrendered the property to the claimant he could not thereafter object that the provisions of the statute had not been complied with; and his action in that regard would for the purposes of this proceeding, bind the plaintiff in the attachment suit. It follows that the action of the superior court in overruling the objections and in allowing a substituted affidavit was what it should have been, and that it rightfully proceeded to a trial of the cause upon its merits.

Appellants claim that upon such trial reversible error was committed in the rejection of certain testimony offered by them, and in the instructions to the jury. The specifications of error are too numerous to receive individual attention. Those relating to the introduction of testimony can all be grouped together, as the action of the court in relation thereto was founded upon substantially the same ground. The property in question was a quantity of shingles which the claimant had taken from the Jamieson-Dixon Mill Company in payment of certain indebtedness due from it to the Merchants' National Bank, for which he acted as trustee. The defendants claimed the right to possession under attachment proceedings against the same company, and sought to show that the sale to the claimant was invalid. For this purpose they sought to introduce proofs as to transactions other than those relating to the shingles. The court refused to allow them to do this, but stated that they might prove anything which tended to show a want of good faith in the transaction as to the property involved in the suit. There were some loose claims by the defendants that knowledge of the transactions as to which they offered proof was necessary to a full understanding of the transaction as to the shingles, but their position in that regard was not sufficiently made known to the court to justify us in reversing the judgment. The court allowed the greatest latitude as to the showing of everything connected with the transaction concerning the shingles and the action of said mill company and the claimant in reference thereto, both at the time of and after the

alleged sale, and if error in that regard was committed it was against the respondent, and not such as would avail appellants upon appeal.

It was further contended that there was testimony which showed that said mill company was insolvent at the time it made the transfer, and that for that reason it was void as against creditors.   That a sale by a corporation, even if insolvent, is not absolutely void was held by this court in *Holbrook v. Peters & Miller Co.*, 8 Wash. 344 (36 Pac. 256).   From what was said in that case it follows that even if the corporation was insolvent at the time it made this transfer, the defendants were not in a position to avoid the sale on that account.   It also follows from what was said in that case that the court correctly interpreted the law in its instructions to the jury.

The judgment must be affirmed.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.