[No. 5038. Decided January 30, 1905.]

R. M. MITCHELL, *Receiver, Appellant,* v. A. H. B. JORDAN, *Respondent.*[1]

PLEADINGS — COMPLAINT — SUFFICIENCY — OBJECTION NOT MADE BELOW. Upon the review of an equitable case, where, after findings of fact are made, the lower court dismissed the action, the insufficiency of the complaint cannot be urged in support of the judgment for the first time in the supreme court, but its sufficiency will be tested by the facts shown in the record.

CORPORATIONS—CAPITAL A TRUST FUND FOR CREDITORS—RECEIVER TO ENFORCE. The capital stock of an insolvent corporation is impressed with a trust for the benefit of the creditors, and the receiver is the proper party to enforce the same.

SAME—DISTRIBUTION OF ASSETS AMONG STOCKHOLDERS IN FRAUD OF CREDITORS—STOCK HELD AS SECURITY. Where the stockholders of an insolvent corporation sold all the assets and divided the same among themselves by declaring a dividend, a party who held a majority of the stock as security for advances made by him to purchase a stock of goods for the company, and who received part of the assets in repayment of his advances with notice of the fraud upon creditors, is liable to the extent of the amount received, in an action brought by the receiver of the company in the interest of a creditor who had obtained a judgment against the company upon which execution was returned unsatisfied.

[1]Reported in 79 Pac. 311.

SAME. The fact that such party agreed to surrender his stock to the other stockholders upon repayment of his advances, does not entitle him to claim that his position was not that of a stockholder, as between himself and creditors of the corporation.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered June 27, 1903, upon findings of the court, after a trial on the merits without a jury, dismissing an action to recover assets of an insolvent corporation, distributed in fraud of creditors. Reversed.

*W. W. Black* and *Ralph C. Bell,* for appellant.

*Brownell & Coleman,* for respondent.

FULLERTON, J.—The appellant is the receiver of the Riverside Hardware Company, and brings this action on behalf of its creditors. The facts on which he relies to recover are not in dispute, and are, in substance, these: In the early part of the year 1899, W. H. Stevens and George M. Pillsbury contracted with a Mrs. Fuller for the purchase of a stock of hardware, then in the city of Everett, at the agreed price of $2,000. Not having the means to make the purchase themselves, they induced the respondent, A. H. B. Jordan, to advance the sum of $1,800 towards the purchase price, and, when the transfer of the stock was made, took a bill of sale in his name, as if he were the sole purchaser. Mr. Stevens and Mr. Pillsbury thereupon incorporated the company of which the appellant is now receiver. In its articles of incorporation its capital stock was fixed at $2,000, divided into 200 shares of $10 each, and two trustees were provided for, Mr. Stevens and Mr. Pillsbury being designated as such to manage the concerns of the company for the first three months. Of the stock of the company, the respondent subscribed for and received 180 shares, Mr. Stevens 10 shares. and Mr. Pillsbury 10

shares. The respondent paid for his shares by turning over to the corporation the stock of hardware he had received from Mrs. Fuller. How Mr. Stevens and Mr. Pillsbury paid for the shares received by them is not shown. At their first meeting the trustees adopted by-laws, in which it was provided that the officers of the corporation should consist of a president, a secretary, and a treasurer. To the office of president, they elected the respondent; to the office of secretary, Mr. Pillsbury; and to the office of treasurer, Mr. Stevens; each of whom was continued as such during the time the company existed as a going concern. Mr. Stevens appears, also, to have acquired the title of manager of the corporation, and to have acted as its manager in the conduct of its affairs during the same time.

While the respondent thus appeared upon the records of the concern as its president and principal stockholder, and as having an active interest in its welfare, it appears that, by a private written agreement entered into between himself and Messrs. Stevens and Pillsbury, he was, in reality, only their backer, having taken the bill of sale from Mrs. Fuller, and the stock issued to him, as security for the money he advanced towards the purchase of the hardware stock and business, with the understanding that he would assign the stock to them when the money advanced, with interest, was repaid him, whether by dividends declared thereon, or in any other manner. It was provided in the agreement, also, that, if the respondent should at any time deem his debt insecure, he might, in his capacity as principal stockholder of the corporation, remove Messrs. Stevens and Pillsbury as trustees, and substitute such other persons as he might choose in their stead; and, further, that no indebtedness on the part of the corporation should be created without his consent.

The corporation continued as a going concern until February 6, 1900, when it sold its entire business to one Westover for $2,466.54. The trustees thereupon declared a dividend on the capital stock of this entire amount, and paid therefrom to the respondent the amount advanced by him, with interest at the agreed rate, and took an assignment to themselves of his stock, in equal proportions. The balance of the money received from the sale, together with some $150 collected on outstanding accounts, they divided between themselves. At this time the corporation was indebted in some $2,800, and was wholly insolvent. It, at the same time, ceased to do business as a going concern; and no attempt was made by the trustees, or by the respondent, to pay, or satisfy in any manner, the corporation's creditors. In the summer following this transfer, one of such creditors, who held a note of the corporation amounting to $1,404.70, brought an action against it, and obtained judgment therein for the amount claimed. Execution was issued on the judgment, which was returned unsatisfied. The judgment creditor thereupon procured the appointment of the appellant as receiver of the corporation, and this action was instituted by him as above stated. The action was tried as an action of equitable cognizance before the judge of the court, who, after finding the foregoing facts, concluded, as a matter of law, that the respondent was not liable to refund any part of the money received by him on the so-called dividend above mentioned, and entered a judgment accordingly.

The respondent, among other reasons urged to sustain the judgment, contends that the complaint fails to state facts sufficient to constitute a cause of action, but inasmuch as he did not take this objection in the court below, this court will test the sufficiency of the complaint by the facts shown

in the record, rather than by its technical averments. The principal question, therefore, is, do the facts found by the court warrant a recovery on the part of the appellant? We have no hesitancy in saying that they do. In this state the rule is firmly settled that the property of an insolvent corporation is a trust fund for the benefit of creditors, and that no one creditor can lawfully take the property of such a corporation to the exclusion of another. This being true, it would seem that, for much stronger reasons, one who was not a creditor could not lawfully take it to the exclusion of creditors. And, as the capital stock of a corporation is impressed primarily with a trust for the benefit of its creditors, it follows that, if such capital stock is divided among the stockholders, leaving its debts unpaid, any person receiving any part of such capital stock is liable to contribute to the payment of such debts a sum equal to the value of the property so received by him. As is said by Mr. Thompson:

"Accordingly, when the property has been divided among the stockholders, a judgment creditor, after the return of an execution against the corporation unsatisfied, may maintain a creditor's bill against a single stockholder, or against as many stockholders as he can find within the jurisdiction, to charge him, or them, to the extent of the assets thus diverted." 3 Thompson, Corporations, § 2963.

In this state the receiver of the corporation whose property has been so divided is the proper party to bring such an action for the benefit of the creditors. *Wilson v. Book,* 13 Wash. 676, 43 Pac. 939; *Watterson v. Masterson,* 15 Wash. 511, 46 Pac. 1041.

These considerations would seem to be conclusive of the appellant's right to recover; but it is said that, under the facts shown, the respondent was not a stockholder, because

of the agreement between himself and the promoters of the corporation above referred to. But we think this contention untenable. As between himself and such promoters, he was, doubtless, liable to surrender his interest in the corporation's stock held by him, on their payment to him of the value agreed upon; but, until that time came, he was, we think, a stockholder, as between themselves, and certainly he was such as between himself and a stranger dealing with the corporation without knowledge of this private agreement. If, however, this were not so, the respondent's liability to the creditors would not be affected. He was not, himself, a creditor of the corporation. He was a creditor, perhaps, of Stevens and Pillsbury, but that fact would not authorize him to take the property of the corporation in payment of their debt to him. Nor will it do to say that they, as trustees, divided the corporation's property among themselves, and then paid their debt to him out of their own property. Were the respondent an innocent purchaser of the corporation's property after it had been so divided, he might possibly claim non-liability for want of notice, but, unfortunately for his claim, the respondent had knowledge of the entire transaction. By the very terms of his agreement with the other stockholders, he could displace them as trustees whenever he saw fit, and no debt could be created without his consent. It would be the height of injustice and inequity to allow him, after consenting to an indebtedness for more than the property was worth, to take all of the property to the exclusion of such debts.

On the whole, therefore, we think the respondent should be held liable, up to the amount of money received by him from the sale of the property of the corporation, for all of its debts against which it can make no defense. The judg-

ment of·the lower court is reversed, and the cause re-
manded, with instruction to enter a judgment in accordance
with this conclusion.

MOUNT, C. J., and HADLEY and DUNBAR, JJ., concur.