## MURRAY v. SIOUX ALASKA MINING CO. et al

(Circuit Court of Appeals, Ninth Circuit. February 13, 1917.)

No. 2655.

1. FRAUDULENT CONVEYANCES ⬤⇒241(2)—CONDITION PRECEDENT—JUDGMENT AT LAW—LOCAL STATUTE.

The rule that a creditors' bill cannot be maintained to set aside a fraudulent conveyance until the creditor has reduced his claim to judgment and had execution issued thereon, which is returned unsatisfied, is modified, where the statutes of the state or territory have created new rights, to the extent that federal courts will enforce such rights, either at law, or in equity, or in admiralty, as their nature may require.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 697–704.]

2. FRAUDULENT CONVEYANCES ⬤⇒241(2)—CONDITION PRECEDENT—JUDGMENT AT LAW—NECESSITY.

Where a mining company, admittedly indebted to plaintiff, was insolvent, and had fraudulently transferred its only property to a nonresident trustee to prevent plaintiff from enforcing his claim, equity will grant relief to plaintiff against the proceeds on a sale of the property by

the trustee, without requiring him to go through the useless form of settling the validity of his claim by an action at law.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 697–704.]

3. CREDITORS' SUIT ☞26—PARTIES ☞80(6)—NONJOINDER OF OTHER CREDITORS—EFFECT.

The failure of a creditor to bring his creditors' bill on behalf of other creditors does not render the bill generally demurrable, but at most is a defect of parties plaintiff, which can be questioned only by special demurrer, or perhaps by answer.

[Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 114, 117; Parties, Cent. Dig. §§ 126–128, 130, 131.]

4. INJUNCTION ☞136(2)—TEMPORARY INJUNCTION—RIGHT TO RELIEF.

Where an insolvent debtor had conveyed its only property to a nonresident, who had contracted to sell it to resident purchasers, a creditor, on filing a creditors' bill, is entitled to a temporary injunction to restrain the purchasers from paying to the trustee the purchase price.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 306.]

Appeal from the District Court of the United States for the Second Division of the District of Alaska; J. R. Tucker, Judge.

Suit by Collin Murray against the Sioux Alaska Mining Company and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The plaintiff, Murray, sued the defendants, Sioux Alaska Mining Company, called Mining Company, and Hastings Creek Dredging Company and H. M. Smith, and the Hastings Creek Dredging Company and Joseph Belleview, alleging: That between March, 1910, and May, 1912, at the instance of the Mining Company, he performed services at an agreed and reasonable value, and advanced money for the defendant, amounting in all to $3,895.93 and interest. That in 1912 the Mining Company made a bill of sale to the defendant Smith of a certain dredge then owned by the Mining Company in Alaska, the transfer being made as security to Smith for the payment of $5,500 borrowed by the Mining Company from Smith about that time. That subsequently Smith sold the dredge to Knowles and Hansen for $15,000, and received $6,000 on account, which was applied by Smith in payment of the debt of the Mining Company to Smith. That when the bill of sale was made by the Mining Company to Smith it was agreed between the parties thereto that Smith should act as trustee for the Mining Company and hold the legal title by the bill of sale for the dredge, and that all the proceeds from the sale of the dredge above the sum of $5,500 should be paid by Smith at once to the Mining Company. That when the bill of sale to Smith was made the Mining Company had no other property, except a few worthless mining claims, which plaintiff alleges have been forfeited or abandoned, and that the Mining Company is wholly insolvent, except for this equitable interest in the proceeds to arise from the mortgage held by Smith as alleged. That in December, 1914, Smith, in an action against Knowles and Hansen, obtained a decree of foreclosure in a proceeding to collect the balance due on the mortgage already described, and that under execution he has sold all of the interest of Knowles and Hansen in the dredge, and on June 15, 1915, he purchased at marshal's sale all of the interest of Knowles and Hansen in the dredge.

Plaintiff alleges: That Smith was acting as trustee for the Mining Company, and that all his acts were authorized by and conducted in behalf of the insolvent corporation. That on March 2, 1915, Smith in his own name, but acting for the Mining Company, agreed in writing with the defendant Belleview, who was acting for himself and the defendant Hastings Creek Dredging Company, to pay Smith, for the Mining Company, $7,000 for the dredge as soon as Smith could complete the foreclosure proceedings and de-

liver title to the dredge. That Smith, in behalf of the Mining Company, is about to deliver possession and title of the dredge to Belleview and the Hastings Creek Dredging Company, who were about to pay Smith for the Mining Company $7,000. That Smith is a nonresident of Alaska, but that all other defendants are within the jurisdiction of the court. That the Mining Company deliberately and fraudulently selected Smith as its trustee in order to prevent the plaintiff from compelling Smith to account in the district where the dredge is located and that because defendant has no property, except what it has placed in the name of Smith, plaintiff cannot reach the Mining Company by any legal process. That it is impossible to attach the proceeds of the bill of sale, unless the court will restrain Belleview and the Hastings Creek Dredging Company from paying the moneys described to Smith or the Mining Company. That it would be useless for plaintiff to begin and maintain an action at law against the Mining Company, because of its insolvency, except for the equitable claim to the fund above referred to. That because of these facts, plaintiff files this creditors' bill, instead of an action at law, and unless the court grants plaintiff an injunction, plaintiff will be unable to obtain relief against the Mining Company. The prayer is for a judgment against the Mining Company for $4,869.40, together with interest; for injunction pendente lite restraining Belleview and Hastings Creek Dredging Company from paying Smith the consideration for the transfer and sale of the dredge; that Smith be adjudged the trustee of the Mining Company; and on final hearing that Smith and Belleview and the Hastings Creek Dredging Company be ordered to pay $7,000, or so much as may be due to the plaintiff, in the registry of the court to satisfy any decree obtained by plaintiff, and for general relief.

Plaintiff filed a motion for a restraining order at the time of the filing of the complaint, and supported the same by affidavit of William A. Gilmore, one of the attorneys for plaintiff. The affidavit tends to support the averments of the complaint and refers to a letter (made an exhibit to the affidavit) wherein H. S. Sandvig, who was secretary of the Mining Company, states that a mortgage on the dredge was given to Smith when the company made a $5,500 loan, and that the dredge was turned over to Smith in payment of the loan, with the understanding that Smith was to return to the company what he got above the indebtedness. The writer of the letter also states that Smith sold the dredge for $15,000 and had received $5,000. The court granted a temporary restraining order and order to show cause. The defendants Mining Company and Belleview moved to dissolve the restraining order, and demurred to the complaint for lack of jurisdiction and failure to state facts sufficient to constitute a cause of action. Hearing was had on the motion and order.

Belleview stated: That, about March 2, 1915, he "bargained" with Smith for the purchase of the dredge, and before the beginning of the action paid Smith $1,000 as part consideration, and gave to Smith his notes, aggregating $6,000, payable to Smith or order. That the notes are a consideration paid for the dredge, it being understood between affiant and Smith that good title to the dredge should be delivered to affiant by the foreclosure of a mortgage given by Knowles and Hansen, that the mortgage was foreclosed, and that the dredge passed to the possession of affiant. That all the dealings affiant had were with Smith individually, and that he did not know that Smith was trustee for the Mining Company, or that the Mining Company had any interest in the dredge or the proceedings, and that affiant acted in the best of faith.

Belleview said he was the manager of the Hastings Creek Dredging Company, and on March 2, 1915, had made a written agreement with Smith. The agreement was produced. It recites that whereas, Smith is the owner and holder of a chattel mortgage securing the payment of $15,000 by Knowles and Hansen and covering the dredge involved herein; and whereas, default had been made under the provisions of the mortgage, and Smith was about to foreclose; and whereas, if redemption is not made, Smith will procure title to the mortgaged property, and in such event desired to sell the property and Belleview desired to buy: It was agreed, that Smith should foreclose and upon getting title convey to Belleview, and that, in consideration, Belleview would

pay to Smith $7,000, $500 in cash, and the balance at subsequent times, as specified in the agreement. It was provided that, if redemption should be had, then Smith would return to Belleview all moneys which Belleview may have paid under the agreement. On March 4th Belleview transferred his interest in the contract to the defendant Hastings Creek Dredging Company. Belleview said he had dealt with Smith individually, and did not know whether he was trustee or not; that he had received a bill of sale to the property, with the understanding that if he (Belleview) did not make the payments the property should revert to Smith; that he had given a mortgage back upon the property to Smith to secure notes.

The court denied injunction pendente lite, vacated the restraining order, and sustained the demurrers of the defendants to plaintiff's complaint, and thereafter dismissed the complaint as to the Mining Company and Belleview, and Murray appeals.

William A. Gilmore, of Seattle, Wash., James E. Fenton, of San Francisco, Cal., and T. M. Reed, of Nome, Alaska, for appellant.

G. J. Lomen, of Nome, Alaska, for appellees Sioux Alaska Mining Co. and Belleview.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] The established rule of practice in equity in the federal courts is that a creditors' bill cannot be maintained to set aside a fraudulent conveyance until the creditor has reduced his claim to judgment and had execution issued thereon, and until a return is made that execution is unsatisfied. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804; Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113. But in cases where the statutes of the state or territory in which the action is commenced have created rights and provided for their enforcement, there is a modification to the extent that federal courts will enforce and administer such rights, either at law or in equity or in admiralty, as the nature of the new rights may require. Cowley v. Railroad Co., 159 U. S. 569, 16 Sup. Ct. 127, 40 L. Ed. 263; Darragh v. H. Wetter Mfg. Co., 78 Fed. 7, 23 C. C. A. 609.

By section 833, Compiled Laws of Alaska, it is provided that the distinction between actions at law and suits in equity, and the forms of all such actions and suits, are abolished, and there shall be but one form of action for the enforcement or protection of rights or prevention of private wrongs, which is denominated a "civil action." In Madden v. McKenzie, 144 Fed. 65, 75 C. C. A. 222, it was held that, while this statute does not abolish all distinction between law and equity as to procedure, it has the effect to render inapplicable to any complaint the objection that the plaintiff has a plain, speedy, and adequate remedy at law.

[2] We believe plaintiff makes a showing for equitable relief. It is not denied that the Mining Company is wholly insolvent, or that the claim of Murray is not justly owing. Execution would be of no avail as against the Mining Company. In such cases it would seem not to be necessary for the creditor first to reduce his claim to a judgment, and it is to be accepted, as against the demurrer, that the defendant Mining Company purposely and fraudulently chose Smith as trustee

in order to prevent Murray from compelling Smith, a nonresident out of the jurisdiction of Alaska, to account in the courts in Alaska. In such a case equity will not require the question of the validity of the debt due by the Mining Company to Smith to be tried out in an action of law, for it would be useless to go through such a form. Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004; Wyman v. Wallace, 201 U. S. 230, 26 Sup. Ct. 495, 50 L. Ed. 738; Tompkins Co. v. Catawba Mills (C. C.) 82 Fed. 780; Adler Goldman Commission Co. v. Williams (D. C.) 211 Fed. 530; Fraser v. Cole, 214 Fed. 556, 131 C. C. A. 102. The property sought to be recovered can only be effectually reached by a proceeding in the nature of a creditors' bill, whereby, as part of the relief to be granted, Smith may be adjudged to be trustee liable to account under his trust.

[3] The point that the action is not brought on behalf of appellant and other creditors is not fatal to the bill. Tatum v. Rosenthal, 95 Cal. 129, 30 Pac. 136, 29 Am. St. Rep. 97. At most there would be a defect of parties plaintiff, which is a ground of special demurrer, or the point might perhaps be presented by answer. Morrison v. Blue Star Navigation Co., 26 Wash. 541, 67 Pac. 244. In Birely's Executors v. Staley, 5 Gill & J. (Md.) 432, 25 Am. Dec. 303, in a suit in equity to vacate conveyances, two creditors joined in the bill of complaint, and it was urged that all or one only should have been made party complainant. The court held that that was a mere formal objection, and if well taken might have been removed by amending the bill. The court said:

"Rules of pleading in equity are not governed by the same technicality as to matters of form that controls proceedings at law. Courts of equity look to substance, not form. The distinction, then (if it exist at all, which we cannot admit), is a mere matter of form; nothing in reason or substance can be urged in its support. If one of many creditors proceed, and be successful, the fund is retained in chancery until all the creditors are notified to come in and assert their claims. The same practice prevails on like proceeding by two."

[4] We think, too, that injunction pendente lite should be issued restraining defendants Belleview and Hastings Creek Dredging Company, from paying defendant Smith the consideration for the transfer and sale of the dredge involved until further order of the District Court.

The judgment is reversed, and the cause is remanded, with directions to overrule the demurrer and require an answer; and the order of the District Court, vacating the temporary restraining order, is set aside, and the District Court is directed to grant a temporary restraining order pendente lite.

Reversed and remanded.