[No. 13950.  Department One.  August 24, 1917.]

## G. S. GARROW, *Assignee, et al., Respondents,* v. JAMES H. FRASER *et al., Appellants.*[1]

CORPORATIONS—STOCK—SALE—PAYMENT OUT OF ASSETS — RIGHTS OF CREDITORS. Where one of two equal stockholders in a trading corporation sold his stock to the other, taking his pay in groceries constituting the assets of the corporation, he is liable, in an action brought by an assignee for the benefit of the corporation creditors, to the extent of the value of the assets which he received.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered October 9, 1916, in favor of the plaintiffs, upon overruling a demurrer to the complaint, in an action to recover the value of assets of an insolvent corporation. Affirmed.

*Parker & Holden,* for appellants.

*McAulay & Meigs,* for respondents.

MAIN, J.—This action was brought by the assignee of an insolvent corporation and two creditors thereof, joined in the action for the benefit of all the creditors of the corporation. The defendants are James H. Fraser and wife. The purpose of the action was to recover the value of the assets of the corporation which Fraser had received in payment of shares of stock which he had sold to another stockholder. To the amended complaint, a demurrer was interposed and overruled. The defendants refused to plead further and elected to stand upon the demurrer. Thereafter a judgment was entered against the defendants in the sum of $850, and from this judgment they appeal.

[1]Reported in 167 Pac. 75.

The facts stated in the complaint which present the controlling question in the case may be briefly stated as follows: On the 29th day of January, 1913, the Rounds-Fraser Trading Company was incorporated under the laws of the state of Washington, with its principal place of business at North Yakima. The capital stock of the corporation was $5,000, divided into one hundred shares of $50 each. J. A. Rounds and James H. Fraser each became the owner of fifty shares of the capital stock. A certificate was issued to Fraser for 49½ shares, and a certificate was issued to Rounds for 49½ shares, and a third certificate was issued to one J. E. Shannon, who held the same in trust for the benefit of Rounds and Fraser. The corporation engaged in the retail grocery business at North Yakima. On the 20th day of October, 1914, Rounds and Fraser entered into a contract whereby· Rounds purchased from Fraser all the stock which the latter owned in the corporation. This transaction resulted in Rounds becoming the owner of all the capital stock. The shares of stock sold by Fraser to Rounds were to be paid for in groceries delivered to Fraser from the stock of the Rounds-Fraser Trading Company at the rate of $50 per month, at the regular ·price for groceries, until the purchase price should be fully paid. In pursuance of this agreement, there was delivered to Fraser groceries of the reasonable value of $850. On March 16, 1916, the Rounds-Fraser Trading Company, being then insolvent, made an assignment in writing to the respondent G. S. Garrow for the benefit of its creditors. This action, as already stated, was brought for the purpose of recovering the value of the groceries which Fraser had received in payment of the shares of stock which he had sold and transferred to Rounds.

The controlling question is whether, when one stockholder in a corporation sells his shares of stock to another stockholder and receives his pay, not from the stockholder to whom the shares were sold, but from the assets of the corporation, he is liable, in an action brought for the benefit of the cred-

itors of the corporation, to the extent of the value of the assets received. That there is liability in such a case there can be little or no doubt. In *Mitchell v. Jordan*, 36 Wash. 645, 79 Pac. 311, the defendant held stock in a corporation as security for an advancement which he had made to two other stockholders, and had received a portion of the assets of the corporation in payment of this obligation. An action was brought against him for the benefit of the creditors of the corporation. It was there said:

"He (defendant) was not, himself, a creditor of the corporation. He was a creditor, perhaps, of Stevens and Pillsbury, but that fact would not authorize him to take the property of the corporation in payment of their debt to him."

The holding in that case is but in accord with the general rule, stated in vol. 4, Thompson on Corporations (2d ed.), at § 4926, as follows:

"Aside from any liability imposed by statute, or created by contract either by way of unpaid subscriptions or unpaid purchase price for stock, it is well settled both on principle and precedent that stockholders are liable to creditors to the extent of the property of the corporation received by them on distribution, where no provision has been made for the payment of debts. The liability rests on the theory that it is a fraud upon the corporate creditors to distribute the corporate property to the stockholders without providing for the payment of the debts of the corporation."

Both reason and authority support the proposition that, where one stockholder sells his shares of stock to another stockholder under an agreement by which the stock is to be paid for out of the assets of the corporation, the seller is liable, in an action brought for the benefit of the creditors of the corporation, to the extent of the value of the assets which he has received. The situation, from a legal standpoint, is no different than it would have been had Fraser sold his stock to Rounds and received $850 in cash out of the treasury of the corporation. The corporation had no right to pay Rounds' debt. Fraser, by contracting for and re-

ceiving payment for such debt out of the assets of the corporation, must respond, in a suit brought for the benefit of creditors, to the extent of the value of the assets so received.

The judgment will be affirmed.

ELLIS, C. J., MORRIS, CHADWICK, and PARKER, JJ., concur.