[No. 15900. Department One. October 18, 1920.]

## P. B. YATES MACHINE COMPANY, *Respondent*, v. D. E. LAKIN *et al., Appellants.*[1]

CORPORATIONS (207) — INSOLVENCY — PREFERENCES TO CREDITORS — TRUST FUND DOCTRINE. One of the creditors of an insolvent corporation cannot maintain an action against another creditor to whom the assets had been transferred in payment of his claim, where it would result in plaintiff's securing and retaining a priority over other creditors, since the assets were a trust fund for all the creditors.

SAME (212)—INSOLVENCY—REMEDIES OF CREDITORS—LIABILITY OF DIRECTORS—STATUTES. The Idaho statute providing that, in case of the forfeiture of the charter of a corporation, the directors or managers as trustees may be sued upon claims against the corporation and its property levied upon and sold to satisfy the claim, does not authorize a creditor to bring an action against the directors individually for wrongfully transferring the assets to a creditor whose claim was thereby preferred.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 8, 1920, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court. Reversed.

*E. H. Belden,* for appellants.

*McWilliams, Weller & Brown* and *Luby & Pearson,* for respondent.

MAIN, J.—This was an action in equity brought by one creditor of an insolvent corporation against another creditor to whom certain of the assets of the corporation had been transferred. The trial to the

[1]Reported in 192 Pac. 982.

court without a jury sustained the right of the plaintiff to recover to the extent of the amount of its claim. From this judgment, the defendants appeal.

The facts are these: The Duluth Lumber Company was a corporation engaged in the business of operating a sawmill at Harrison, Idaho. On the 5th day of April, 1916, it purchased from the respondent a planer to be used in its mill. On August 19, 1916, the plant of the lumber company was destroyed by fire. There was considerable insurance upon the plant; some of it was collected and some was deemed not collectible. From the insurance collected, certain creditors of the company were paid. In the month of December, 1916, at a meeting of the stockholders of the lumber company, a resolution was passed directing that the lumber and machinery then at the plant which had not been destroyed be transferred to D. E. Lakin, one of the appellants, in payment of his claim for salary as manager of the company. The accrued and unpaid salary amounted to approximately $3,000. The property turned over was valued at the amount of the salary earned and not paid. The company had no other property or assets. The respondent's claim of $1,500, the purchase price of the planer, with accrued interest, had not been paid. There were other creditors to the extent of probably about $500. The respondent brought this action against D. E. Lakin and his wife to require them to account for the value of the property received from the Duluth Lumber Company, and to recover a judgment against them for such value to the extent of the amount due on the notes given for the planer, and the interest. As already stated, a judgment was entered sustaining the respondent's right to recover.

The first question is whether the respondent had a right to maintain this action. It was a creditor of the

insolvent corporation; D. E. Lakin was also a creditor to the amount of his unpaid salary. Lakin's salary had been paid by the transfer of the property of the corporation. There is no showing in this record that the Lakin's claim for salary was not a legitimate one. Under these facts, can respondent maintain an action in equity for the purpose of recovering from appellants the value of the property transferred to them to the extent to which it may be necessary to satisfy its demand. It is a rule in this state, too well settled to require the assembling of the cases, that the property and assets of an insolvent corporation constitute a trust fund for the benefit of all of its creditors. Under this doctrine, the corporation had no right, by resolution of its stockholders, to make its manager, D. E. Lakin, a preferred creditor. The respondent is not entitled to maintain any action which will result in making it a preferred creditor. If the present action is sustained the respondent will have his claim paid in full, while Lakin and the other creditors can in no event have theirs more than partially paid. It is true that, as between individuals, a creditor of a living debtor may, under certain circumstances, resort to equity where there is an inadequate remedy at law. But this rule can have no application to an insolvent corporation in a jurisdiction where the trust fund doctrine is recognized, because, in its operation, the creditor bringing the action secures and retains a priority over other creditors. Pomeroy's Equity and Jurisprudence, vol. 5 (2d ed.). The cases of *Morrison v. Blue Star Nav. Co.*, 26 Wash. 541, 67 Pac. 244, and *Mitchell v. Jordan*, 36 Wash. 645, 79 Pac. 311, do not sustain the respondent's right to recover. In each of those cases the recovery was sustained in behalf of a

receiver.    In one the receiver was an intervener; in the other he brought the action.    Any language in the *Morrison* case that may be subject to the construction that one creditor of the corporation may maintain an action which would operate to make him a preferred creditor would be opposed to the trust fund doctrine and will therefore be disregarded.    In the *Mitchell* case, it was pointed out that a receiver of a corporation whose property had been transferred was the proper one to bring an action for the purpose of subjecting such property to the claim of creditors.

The respondent not having a right to maintain the action in equity, the question then arises whether it has a right to sustain its judgment under the Idaho statute.    The charter of the Duluth Lumber Company had been declared forfeited by the secretary of state of Idaho because of the failure on the part of the company to meet certain requirements of the Idaho corporation tax law.    The Idaho statute provided that, in case of such forfeiture, the directors or managers, "as such trustees," may be sued in the courts of that state by anyone having a claim against the corporation, and the property of the corporation may be levied upon, assessed and sold to satisfy the same.    The action cannot be sustained under this statute.    It was not brought against the directors or managers as such trustees, but was brought against the appellants individually.    The Idaho statute was not pleaded and it was offered in evidence for the first time in rebuttal and was received over objection.    The action was in no sense brought upon the statute, and it cannot at this time be converted into an action of that character.

The judgment will be reversed, and the cause remanded with directions to the superior court to dismiss the action, but without prejudice to the respond-

ent's right to maintain such action as in law or equity it may be entitled to.

HOLCOMB, C. J., MACKINTOSH, MITCHELL, and PARKER, JJ., concur.