[No. 18721.  Department One.  February 17, 1925.]

# DANA CHILD, *Respondent*, v. WESTERN LUMBER EXCHANGE *et al., Appellants.*[1]

CORPORATIONS (207, 208)—INSOLVENCY—PREFERENCES—TRUST FUND DOCTRINE. A simple contract creditor may not seize on execution property conveyed by an insolvent corporation as a preference to one of its creditors, on the theory that the conveyance was void as in violation of the trust fund theory, since it thereby seeks to make itself a preferred creditor, in a contest between but two of the creditors of the insolvent; and it is not the rule that the creditor first obtaining possession of the preference has the burden to prove its right and title as the superior one.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered September 29, 1923, upon findings in favor of the plaintiff, in an action for conversion, tried to the court. Affirmed.

*John A. Peacock* and *Davis, Heil & Davis,* for appellants.

*A. O. Colburn* and *Tustin & Chandler,* for respondent.

PARKER, J.—The plaintiff, Child, seeks recovery of damages from the defendants, sheriff and lumber exchange, for the alleged wrongful seizure and sale of lumber belonging to him, upon an execution issued upon a money judgment rendered in favor of the defendant lumber exchange and against Sanger Lumber Company, a corporation. A trial upon the merits in the superior court for Spokane county, sitting without a jury, resulted in findings and judgment awarding to Child recovery for the value of the lumber against both the sheriff and lumber exchange, from which they have appealed to this court.

[1]Reported in 233 Pac. 324.

On January 6, 1922, Sanger Lumber Company, by bill of sale, conveyed to Child the lumber in question and delivered to him the possession of the lumber. On February 11, 1922, while Child was so in possession of the lumber, the sheriff, at the instance of lumber exchange, seized and took into his possession the lumber upon an execution issued upon a money judgment rendered in favor of lumber exchange and against Sanger Lumber Company. Thereupon Child demanded return to him of the possession of the lumber, notifying the sheriff of his claim of ownership therein. The sheriff refused this demand at the instance of lumber exchange, and thereafter, retaining possession of the lumber, on February 23, 1922, sold it. It is agreed that the then value of the lumber was $1,249.66. Child was in no sense a party to the action in which that judgment was rendered. Because of the manifest theory of the principal contention here made in behalf of the sheriff and lumber exchange, we shall assume that Sanger Lumber Company was insolvent at the time it conveyed and delivered the lumber to Child, and that such conveyance resulted at least in preferring him as one of its creditors. The sheriff and lumber exchange are not here seeking the setting aside or avoiding of the conveyance of the lumber by Sanger Lumber Company to Child in the interest of creditors of Sanger Lumber Company, other than in the interest of lumber exchange alone as a simple judgment creditor having no lien upon the lumber prior to its seizure and taking of it from the possession of Child.

The principal contention here made in behalf of the sheriff and lumber exchange is that the conveyance of the lumber by Sanger Lumber Company to Child was void, resulting in Child not becoming vested with any right or title to the lumber because of our well settled trust fund doctrine; that is, because such a conveyance

in payment, in whole or in part, of an accrued debt owing to a creditor by an insolvent corporation violates the trust arising by reason of such insolvency, by which the corporation holds all of its property for the benefit of its creditors; citing in support of this contention: *Thompson v. Huron Lumber Co.*, 4 Wash. 600, 30 Pac. 741, 31 Pac. 25; *Conover v. Hull*, 10 Wash. 673, 39 Pac. 166, 45 Am. St. 810; *Oleson v. Bank of Tacoma*, 15 Wash. 148, 45 Pac. 734; *Biddle Purchasing Co. v. Port Townsend Steel W. & Nail Co.*, 16 Wash. 681, 48 Pac. 407; *Benner v. Scandinavian American Bank*, 73 Wash. 488, 131 Pac. 1149, Ann. Cas. 1914D 702; *Simpson v. Western Hardware & Metal Co.*, 97 Wash. 626, 167 Pac. 113; and *Williams v. Davidson*, 104 Wash. 315, 176 Pac. 334. A critical reading of these decisions will readily disclose that in every one of them the trust fund doctrine was invoked in the interest of all of the creditors of the insolvent. Other decisions of this court render it plain that this doctrine cannot be successfully invoked by one creditor in his sole interest as against another; and further, that mere insolvency of a corporation will not avoid a preference so made by an insolvent corporation, except in the interest of all creditors. *Holbrook, Merrill & Stetson v. Peters & Miller Co.*, 8 Wash. 344, 36 Pac. 256; *Mayer v. Woolery*, 10 Wash. 354, 39 Pac. 135; *Biehn v. Aetna Inv. Co.*, 110 Wash. 460, 188 Pac. 489; *Yates Mach. Co. v. Lakin*, 113 Wash. 45, 192 Pac. 982, 12 A. L. R. 243. In the *Biehn* case, Judge Tolman, speaking for the court, said:

"The only error assigned is that the court erred in making the order appointing the receiver. It is urged here that the appointment of the receiver was a useless thing, because the insolvent corporation had already disposed of all its assets; there was nothing for the receiver to receive, and that, if respondent was of the

opinion that the transfer by the corporation of its assets to Philips was fraudulent and void as to creditors, he might prosecute his action directly to set aside such transfer without the intervention of a receiver. While a judgment creditor may undoubtedly prosecute an action to set aside transfers deemed to have been made in fraud of creditors, yet such action must be brought on behalf of all of the creditors similarly situated.''

In the *Yates Mach. Co.,* case, Judge Main, speaking for the court, said:

''The respondent is not entitled to maintain any action which will result in making it a preferred creditor. If the present action is sustained the respondent will have his claim paid in full, while Lakin and the other creditors can in no event have theirs more than partially paid. It is true that, as between individuals, a creditor of a living debtor may, under certain circumstances, resort to equity where there is an inadequate remedy at law. But this rule can have no application to an insolvent corporation in a jurisdiction where the trust fund doctrine is recognized, because, in its operation, the creditor bringing the action secures and retains a priority over other creditors. Pomeroy's Equity and Jurisprudence, vol. 5 (2d ed.). The cases of *Morrison v. Blue Star Nav. Co.,* 26 Wash. 541, 67 Pac. 244, and *Mitchell v. Jordan,* 36 Wash. 645, 79 Pac. 311, do not sustain the respondent's right to recover. In each of those cases the recovery was sustained in behalf of a receiver. In one the receiver was an intervener; in the other he brought the action. Any language in the *Morrison* case that may be subject to the construction that one creditor of the corporation may maintain an action which would operate to make him a preferred creditor would be opposed to the trust fund doctrine and will therefore be disregarded.''

This, so far as we are advised, is a universally recognized doctrine. In *Gardner v. Lane,* 9 Allen (Mass.) 492, 85 Am. Dec. 779, Chief Justice Bigelow, speaking for the court in 1865, said:

"This is not an action in which an assignee in insolvency is seeking to recover property belonging to the insolvent debtor for the purpose of distribution among all the creditors. It is a controversy between two creditors, each of them striving to hold property of their debtor against the other for the purpose of appropriating it in payment of their preexisting debts, by way of preference over other creditors. Neither of them can claim any rights in this action under the proceedings in insolvency. The provisions of the insolvent laws for the avoidance of sales, transfers, and attachments, which may operate as a preference, are designed exclusively for the benefit of those who come in under the assignee or otherwise to obtain an equal share of the property of the insolvent in the mode provided by law; and these provisions cannot be invoked in aid of a person who stands only in the position of a creditor, endeavoring to secure his whole debt, either by means of a sale or by an attachment."

While these pertinent observations of the learned chief justice relate to an attachment lien right against an insolvent debtor, they are equally applicable to any other lien or property right acquired in any lawful method in payment of or as security for a debt owing by an insolvent corporation, under our trust fund doctrine.

Counsel for the sheriff and lumber exchange do not question these general principles. Indeed, they seem to invoke them in aid of what they are here trying to accomplish, and argue that, since Child is the plaintiff in this action, he necessarily has the affirmative of the question and therefore the burden of sustaining his title to the lumber. We cannot so view his position. He was rightfully in possession of the lumber under a valid conveyance as against everyone, except as against the rights of all the creditors of Sanger Lumber Company asserted in some appropriate proceeding

in the interest of all such creditors. Child, having this right in the lumber, there comes the lumber exchange, having no lien upon the lumber prior to its conveyance to Child, takes it from his possession and asserts that it, and not Child, should be preferred. Finding these two claimants in this position, it seems plain to us that the one who had the first perfected right as against the other does not have the burden of the affirmative of the question here to be solved, but has the negative of it. While Child is in form the plaintiff in this action, he is in substance a defendant, defending his title as against lumber exchange claiming that it, and not he, is entitled to the preference. When it invokes the trust fund doctrine in the interest of all of the creditors of Sanger Lumber Company, it will then, and not until then, be permitted to bring that doctrine to its aid. We are quite clear that Child's right and title to the lumber was good as against the levy of the sheriff made in the interest of lumber exchange, and that therefore Child, having been so divested of his property, the sheriff and lumber exchange were rightfully held by the trial court to be required to respond in damages as awarded by the judgment.

It is further contended in behalf of the sheriff and lumber exchange that, in any event, there was actual fraud in the conveyance of the lumber from Sanger Lumber Company to Child, in that there was no good or sufficient valid consideration therefor. This presents only a question of fact which, we think, was correctly determined by the trial court as against the contentions made in behalf of the sheriff and lumber exchange. We deem it unnecessary to say more on this question. There seems to have been raised in the trial court some other questions, but they are not here presented in the opening brief of counsel for the sheriff and lumber exchange, though they have received some

notice in the answering brief and the reply brief. We think the case does not merit further discussion.

The judgment of the trial court is affirmed.

TOLMAN, C. J., MAIN, and BRIDGES, JJ., concur.