**UNITED STATES v. FAIRALL et al.**

(District Court, S. D. New York.   December 6, 1926.)

**1. Fraudulent conveyances ⬥241(5)—Judgment and execution, as condition precedent to following debtor's assets into hands of transferees, is unnecessary when judgment is useless or impossible.**

Where it is impossible to get judgment, or manifestly useless, equity will not insist that judgment and execution issue against debtor as condition precedent to following his assets into hands of transferees.

**2. Internal revenue ⬥28(2)—United States need not take judgment against dissolved corporation before proceeding against stockholders to recover income and excess profits taxes (Stock Corporation Law N. Y. § 105).**

Although under Stock Corporation Law N. Y. (Consol. Laws, c. 59) § 105, judgment may be taken against dissolved corporation, United States need not secure judgment before proceeding against stockholders to recover income and excess profits taxes, since judgment would be useless and mere waste of effort.

In Equity.   Suit by the United States against William H. Fairall and others, stockholders of a dissolved corporation, to recover income and excess profits taxes.   On motion by defendant William P. Joyce to dismiss complaint.   Motion denied.

Emory R. Buckner, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Robert H. Elder, of New York City (Otho S. Bowling, of New York City, of counsel), for defendant Joyce.

HAND, Circuit Judge.   If it is proper to treat the distributed assets of a dissolved corporation as a trust fund for creditors, plainly there can be no need of getting judgment against the corporation as a condition precedent to a suit like this.   Where there is a trust, the creditor may follow the res, without more, Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004.   That was the theory on which Updike v. U. S., 8 F.(2d) 913 (C. C. A. 8), proceeded, and, so far as the doctrine of the trust fund is valid, the result is inescapable. In spite of the impressive authority back of that doctrine, I somewhat hesitate to say that to-day it is accepted law, and in any case, since it is not necessary to the disposition of this case, I prefer to put my decision upon another ground.

[1] The rule that you must get judgment and issue execution against a debtor as a condition precedent to following his assets into the hands of transferees is not absolute.   If it is impossible to get judgment, or if, when you get it, it is manifestly useless, equity does not insist upon such an idle formality.   Bank of Commerce v. McArthur, 256 F. 84 (C. C. A. 5); Murray v. Sioux Alaska Mining Co., 239 F. 818 (C. C. A. 9); Williams v. Adler-Goldman Com. Co., 227 F. 374 (C. C. A. 8); N. T. Bank v. Wetmore, 124 N. Y. 241, 26 N. E. 548.   The condition is imposed in accordance with the general equitable principle that equity gives its remedy only when the law fails, and it may be apparent that the law has failed without insisting upon an idle gesture.

[2] In the case at bar section 105 of the New York Stock Corporation Law (Consol. Laws, c. 59) would indeed allow a judgment to be got against the corporation, which is continued for that purpose.   But the judgment, once had, would be useless, unless the directors could be held liable for distributing the assets.   As this liability arose after the distribution was made, it can scarcely be possible that any court would hold them liable for failing to divine the future action of the Treasury officials of the United States.   Yet that would be the only remedy open to the plaintiff here, except that which it is now pursuing.   It is plain, therefore, that procuring a judgment and issuing execution would be a mere waste of effort and ought not to be required.

Motion denied.